THE STATE v. MOSHER.

78  321
112 469
78  321
127 337

1. **Physicians and Surgeons:** PRACTICE WITHOUT LICENSE: INFORMATION : EVIDENCE.  On the trial of an information against a physician for practicing his profession without a certificate or license from the state board of medical examiners, a verdict of guilty is properly found against him upon a finding of the fact that he did so practice; and evidence offered to show that he was entitled to a certificate under the law, and that the board unlawfully refused it, is rightly rejected as immaterial.

2. **Constitutional Law:** WHEN VALIDITY OF STATUTE NOT CONSIDERED.  When a party litigant is deprived of a claimed right by reason of a statute which he claims is unconstitutional in one or its provisions, the question of constitutionality will not be considered, if it appears that he was rightly deprived of such claimed right by virtue of another provision of the statute, which is clearly constitutional.  (See cases cited in opinion.)

3. **Physicians and Surgeons:** RIGHT TO DEMAND LICENSE: CONSTRUCTION OF STATUTE.  A proper construction of chapter 104, Laws of 1886, being "An act to regulate the practice of medicine and surgery in the state of Iowa," and especially of the doubtful language contained in section seven thereof, leads to the conclusion that, though a physician had been in continuous practice in this state for a period of not less than five years, three of which were in one locality, at the time of the enactment of the statute, he is not *ipso facto* entitled to a license to practice from the state board of medical examiners, but such board may inquire into his competency, and, upon "palpable evidence of incompetency," may lawfully refuse such license.  In this case, the record of defendant's examination (see opinion) shows that he was either palpably incompetent or stubbornly silent; in either of which cases a license was properly refused him.

4. ———: NECESSITY FOR LICENSE: EXCEPTIONS.  Section 8, chapter 104, Laws of 1886, does not except physicians of five years' prior practice from the penal provisions of the act, unless they procure from the state board of medical examiners the proper certificate or license, as required by that statute.

*Appeal from Cherokee District Court.*—HON. C. H. LEWIS, Judge.

FILED, OCTOBER 7, 1889.

THE defendant was tried upon information before a justice of the peace, and convicted. On appeal to the district court there was another conviction, and judgment, from which he appeals to this court.

*C. C. & C. L. Nourse*, for appellant.

*John Y. Stone*, Attorney General, for the State.

GRANGER, J.—The substance of the information on which the defendant stands convicted is as follows: " That the defendant, on or about the twenty-third day of June, 1887, at Pitcher township, in said county of Cherokee, did practice medicine and surgery without having obtained from the state board of medical examiners a certificate entitling him to practice as a physician or surgeon." This proceeding has its foundation in chapter 104, Acts Twenty-first General Assembly, being " An act to regulate the practice of medicine and surgery in the state of Iowa." The act provides that any person practicing medicine or surgery in any of their departments within this state shall possess the qualifications therein prescribed. The act then provides three tests of a *prima-facie* qualification : (1) A written examination by the board of medical examiners on a scale of one hundred, in which examination the applicant must attain such an average as the board may fix upon; or (2) that the applicant is a graduate in medicine; or (3) that he has been in continuous practice in this state for a period of not less than five years, three years of which shall have been in one locality. The facts as to the second and third tests are also to be determined by the board of examiners. In the second the applicant must present a diploma, and the board must be satisfied that the diploma is genuine, and that the applicant is the rightful owner thereof. In the third the applicant must present evidence to the board, in the form of affidavits, sufficient to satisfy it that he has practiced medicine or surgery for five years, as by law required. The act also provides that the board shall prepare three forms

of certificates,—one for persons in possession of genuine diplomas, one for candidates examined by the board, and one for persons who have practiced five years, as provided in the act. It appearing conclusively on the trial in the district court that the defendant was engaged in the practice of medicine, as charged in the information, without a certificate from the board of medical examiners, the court instructed the jury to return a verdict of guilty.

The record in the case discloses, that on the third day of August, 1886, the defendant applied to the board of medical examiners while in session at Sioux City, Iowa, for a certificate to practice medicine, and with it he filed his affidavit showing that he was fifty-two years of age; that he was a resident of Sioux City, and had practiced medicine and surgery there since October, 1875. To the application is attached the recommendation of H. N. Marvin, M. D., and E. E. Lewis, attorney, both as to his moral character and professional worth. The record further discloses that the defendant was to some extent examined by the board touching his qualifications for the practice. To such an examination the defendant then objected, claiming that under the law he was entitled to his certificate upon the evidence as to his former practice, and that under the law he was not required to submit to an examination. The record of the board of medical examiners, as it appears in evidence, shows that the certificate was refused for two reasons: *First*, because of insufficient evidence to show that the defendant had practiced for the time as required by law; and, *second*, the examination furnished palpable evidence of his incompetency.

I. The argument of appellant deals largely with the constitutionality of the act under which the certificate was refused. The argument in this respect is based upon assumptions of fact and law, as follows: (1) That the real grounds for refusing the certificate by the board was a finding of incompetency. (2) That as a legal proposition, under the act in question, if it was a

1. PHYSICIANS and surgeons practice without license: information: evidence.

The State v. Mosher.

fact that the defendant had practiced the profession both as to time and place, as specified in the act, he was, as a matter of right, entitled to the certificate. (3) Under such an application the board has no right to inquire as to the competency of the applicant before granting the certificate. These assumptions are not thus arranged or stated in terms in argument, but they are our understanding of the position of counsel. The affidavit as to the time and place of practice is undisputed, and appellant is disposed to treat it as a legally established fact. At the trial in the district court the defendant attempted to prove, as defensive matter, that his application for a certificate was based entirely on the facts as to his prior practice, and attempted to show the facts as to such practice, which the court refused, holding that the fact that he had practiced, and without the certificate, was conclusive against him. Appellant contends that, if this holding of the district court is correct, then a law investing the board with such absolute power to deprive a person of his professional or property rights is unconstitutional on several grounds, and, among them, that the deprivation is without due process of law. That the holding of the district court in this respect is correct, we entertain no doubt,—that is, we entertain no doubt that such is the intent of the act. The act plainly provides that the qualifications prescribed, when ascertained, shall be evidenced by a certificate of the board, and that the certificate shall be recorded in the county where the holder resides; and the record must show the facts upon which the certificate was granted. The certificate or record is the proper evidence of qualification, and the offense consists in the practice of the profession without first procuring the certificate. This holding disposes mainly of the questions as to the introduction of testimony.

The questions presented as to the invalidity of the act are only available for consideration if it be held that the board at the time of the application could only inquire as to the time and place of practice, and that the examination as to

2. CONSTITU-
TIONAL law:
when validity
of statute not
considered.

competency is unauthorized, because we can only adjudge a law invalid or unconstitutional in a case where a party is to be deprived of his rights in consequence of the invalidity of the law.   If the law in this case authorized an examination as to competency, and the certificate was legally refused because of incompetency, the case furnishes no grounds of complaint, even if the law is invalid in other respects.   *City of Muscatine v. Packet Co.*, 45 Iowa, 186; *Packet Co. v. Keokuk*, 95 U. S. 80; *Santo v. State*, 2 Iowa, 165.

We now inquire as to the right of the board to examine as to the competency of the applicant for a certificate, where the application is based on the fact of a five-years practice.   Early in the opinion we used the term "*prima-facie* qualifications" to avoid an inference that certificates granted under the "tests," as there mentioned, were conclusive thereafter as to qualifications, because the act contains some modifying sections.   The act contains the following language: "Sec. 7.   The state board of examiners may refuse a certificate to any person who has been convicted of felony committed in the practice of his profession, or in connection therewith, or may revoke certificates for like cause, or for palpable evidence of incompetency, and such refusal or revocation shall prohibit such person from practicing medicine, surgery or obstetrics," etc.   Counsel for appellant have not favored us with their view as to the construction of this language, in connection with other language in the act.   It is rather assumed in the argument that no such right of examination is given the board.   Under the language of the section it could hardly be doubted that the board, after the granting of a certificate, could, in some manner, make inquiry as to the competency of the holder, and, if palpably incompetent, revoke it.   In such a case the certificate would only be *prima-facie* evidence in his favor.   The effect of the certificate might be overcome by other evidence.   It certainly, then, is not a fact that either the certificate or the fact of the five years' practice gives to the holder or the

*3. Physicians and surgeons: right to demand license: construction of statute.*

practitioner the absolute right to practice, but at the foun-
dation of his claim lies the question of competency.
Such is the very spirit and purpose of the law, and in
its construction care should be taken to subserve that
purpose. We inquire after the legislative intent. The
section says the board may refuse to grant the certifi-
cate if the applicant has been convicted of felony com-
mitted in the practice of his profession. It must be,
then, that the board may inquire after that fact, for it
may either refuse or revoke for that cause; and we
reach the query, may it refuse or revoke for incompe-
tency? The language in this respect is not as decisive
as with regard to felony, but we think it clearly the
law. It is to us an unreasonable and impolitic con-
struction to hold that upon such an application with
the board in possession of facts to justify an inquiry as
to the competency of the party, if in possession of a
certificate, it must grant the certificate, and at once
proceed to revoke it. Before holding to that view,
the language should be clear and unmistakable in its
import. Nothing more can be said of the language of
the law under consideration than that it is of doubtful
meaning, and that the doubt extends only to the query,
which of the two constructions should prevail? We
think the legislative purpose is best subserved by hold-
ing that the board, upon the application of the defend-
ant, had the right to inquire as to his competency, and
that the established fact of his prior practice was no
more than equivalent to the possession of a certificate,
which might be overcome by a showing of palpable
incompetency.

The defendant, in his testimony, denies having
been examined before the board as to competency, but
his testimony in this respect is conclusively overcome
by the record. His examination, as shown by the
abstract of appellant, is brief, and in these words: "Dr.
S. Mosher was sworn. Said his name was Sidney
Mosher. That he was fifty-two years of age. Says he
began reading medicine in New York state, when seven-
teen years old, with Kelly & Robinson, near Batavia.

Never attended lectures. Been in the practice about twenty years. Began treatment of medicine before the war. Began in Iowa, when government first required revenue tax. Said he did a general practice. Did but little surgery. Could not say how many cavities were in the heart. Cannot give the origin or insertion of any one muscle in the body. Select any one? Said he could not answer now. He was not prepared to be examined. Can you give the therapeutic action of any drug? Did not answer. Can you give the curative action of any single drug and you select the drug? Could not say." The examination discloses that the defendant was either palpably incompetent, or stubbornly silent, in either of which cases he has no grounds for complaint as to the action of the board. If he knew, and would not tell, the board was justified by his misconduct in believing him incompetent. If he did not know, the result is a vindication of the law.

II. It is urged that the defendant is not amenable to the penal provisions of the act because of the exceptions contained in section 8. It is as follows: "But nothing in this act shall be construed to prohibit students, etc., from prescribing under the supervision of preceptors, or gratuitous services in cases of emergency; nor shall this act extend to prohibit women engaged at this time in the practice of midwifery, nor prevent the selling, etc., of mineral waters, nor apply to surgeons of the United States army and navy, marine hospital service, nor to physicians, as defined herein, who have been in practice in the state for five consecutive years, three years of which shall have been in one locality; provided such physicians shall furnish the state board of examiners satisfactory evidence of such practice, and shall procure the proper certificate, as provided by this act." It is true, the defendant, as a five years' practitioner, is mentioned in the exceptions, but before he can make the provisions of the section as to exceptions available to him, he must comply with the proviso, and present to the court "the proper certificate." This he has failed to do.

4. ——: necessity for license: exceptions.

III.   It is said that the examination of the defend-
ant was not legal, because not in writing, as required by
law.   The abstract does not disclose the character of
the examination in this respect.   We discover nothing
in the record to reverse the judgment, and it is

AFFIRMED.