## KATSAFAROS v AGATHAKOS

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 8, 1935

C. W. Osborne, Youngstown, for plaintiff in error.

J. S. Cooper, Youngstown, for defendant in error.

434

### OPINION

By NICHOLS, J.

The cause comes into this Court of Appeals upon petition in error to reverse the decision, judgment and finding of said Common Pleas Court, two grounds of error being urged, as follows:

"First, That the order of the court below in sustaining the demurrer of defendant in error in the court below was contrary to law.

Second, That the judgment, order and decree of the court below rendering final judgment as against this plaintiff in error and in favor of defendant in error on said petition is contrary to law."

No briefs have been filed by either party to this error proceeding. From the argument of counsel upon the oral hearing in this court we ascertain that the action of the Common Pleas Court in sustaining the demurrer was based upon the provisions of §§1286 and 1287 GC, and it is admitted by counsel for plaintiff in error that if the provisions of these sections of the General Code are constitutional as being a proper exercise of the police power of the State for the protection of the health of its inhabitants, then there is no error in the action of the Common Pleas Court in sustaining the demurrer and entering final judgment against the plaintiff below. From an examination of the allegations of the petition it is found

that the very terms of the petition show that the secret formula and the compound made therefrom "is intended for medicinal purposes" and that the plaintiff agreed to and did furnish to the defendant said medicinal compound, together with directions for use and treatment of a certain specific disease.

Sec 1286 GC, so far as pertinent to this action, provides:

"A person shall be regarded as practicing medicine * * * within the meaning of this chapter who * * * diagnoses for fee or compensation of any kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of any kind, direct or indirect, a drug or medicine, appliance, application, operation or treatment of whatever nature for the cure or relief of a * * * disease * * *."

Sec 12694, GC, provides:

"Whoever practices medicine or surgery, or any of its branches before obtaining a certificate from the State Medical Board in the manner required by law, * * * shall, for the first offense, be fined not less than $25.00 nor more than $500.00 * * *, or both."

Secs 1262 to 1268 GC, inclusive, and following of the General Code of Ohio, provide for the appointment of a Medical Board, the members of which shall be appointed by the Governor with the advice and consent of the Senate, and further provide for the organization of the Board, the compensation of the members, its meetings, the salary of its officials and the records of the Board.

Sec 1269 GC provides:

"Each person who desires to practice medicine or surgery shall file with the secretary of the State Medical Board a written application, under oath, on a form prescribed by the Board, and furnish satisfactory proof that he is more than twenty-one years of age and of good moral character."

Sec 1270, GC, provides the requisites for admission to examination.

Sec 1274, GC, provides:

"If the applicant passes such examination, and has paid the fee required by law, the State Medical Board shall issue its certificate to that effect signed by its President and secretary and attested by its seal * * *."

Other sections of the General Code provide for the manner of holding the examination, the license fee, etc., but these are not pertinent to a decision of this cause.

By reference to the above quoted sections of the Statute, and an examination of the allegations of the petition it is clear that the plaintiff, at the time alleged in the petition, was "a person who dispensed for a fee or compensation a medicine or treatment for the cure or relief of a specific disease." There is no allegation in the petition that the plaintiff had ever filed any application for examination by the State Medical Board, or had received any certificate authorizing him to practice medicine in the State of Ohio, and that the act of said plaintiff in furnishing said secret formula and compound to the defendant for the compensation of $1400.00 agreed upon between the parties and the further act of said plaintiff in furnishing to defendant directions for use and treatment of a certain specific disease, was in violation of the provisions of §12694 GC.

The constitutionality of §1286, GC, providing for the examination and registration of those practicing medicine has been determined in the case of **Triplett v State, 23 C.C. (N.S.), 172; 29 C.D., 565,** the first syllabus of which is as follows:

"Secs 1286, 1287 and 12694 GC, relating to the appointment and powers of the State Board of Health and the State Board of Medical Examination and Registration, and providing for examination and registration of those practicing medicine, are a proper exercise of the police power and are constitutional."

"That the practice of medicine may be regulated by legislation has been decided in every court in which the question has arisen. In the leading case Dent v W. Va., 129 U. S., 114, 122 Mr. Justice Fields says: 'The power of the state to provide for the general welfare of its people authorizes it to prescribe all such regulations as, in its judgment, will secure, or tend to secure them against the consequences of ignorance and incapability, as well as of deception and fraud. As one means to this end it has been the practice of different states from time immemorial to exact in many pursuits a certain degree of skill and learning'. * * *."
**State v Marble, 72 Oh St, 34.**

"It is competent for the State under its power to provide for the welfare of its people, to establish needful regulations and impose reasonable conditions calculated to insure proper qualifications, both with respect to learning and moral integrity, of persons desiring to engage in the practice of medicine in the State, and require compliance therewith by such persons before they shall be permitted to practice within the State. The regulations adopted by this statute are of that character, and do not enfringe upon the privileges and immunities guaranteed by Article 4, §2 of the Federal Constitution to the citizens in the several states nor breach those secured to citizens of the United States by the fourth article of amendment of that constitution."
State v Mosher, 78 Iowa, 321 (43 NW, 202).

"The right to labor and enjoy the rewards thereof is a natural right which may not be unreasonably interfered with by legislation; where, however, the pursuit concerns in a direct manner the public health and welfare and is of such character as to require a special course of training or experience to qualify one to pursue such occupation with safety to the public interest, it is within the competency of the general assembly to enact reasonable regulation to protect the public against evils which may result from incapacity and ignorance."
**State v Gardner, 58 Oh St, 599.**

"The police power manifestly extends to the protection of life, limbs, health, comfort and the quiet of all persons and the protection of all property within the State. By this police power of the State persons and property are subjected to all kinds of restraints and burdens, in order to secure the general comfort, health and prosperity of the State."

Thorpe v Rutland and Burlington Rd. Co., 27 Vt., 140.
Commonwealth v Alger, 7 Cish, 53.
Cooley's Constitutional Limitations, 704 et seq.
The People v Warden of City Prison, 144 N. Y., 529.
Singer v State, 72 M. D., 464.

So we hold that by the overwhelming weight of authority the statutes of Ohio regulating the practice of medicine and fixing a penalty for violation thereof are constitutional.

We come then to the question whether the plaintiff may recover under the allegations of the petition in this case, which clearly state a violation of law and seek a judgment therefor.

"While the practice of medicine without a license is prohibited under penalty the

contract for professional services of an un-licensed physician is void because of the illegal consideration."

State Bank v Lawrence, 177 Ind., 515.
42 L.R.A. (N.S.) 326.
30 A.L.R., 880 and 881, and numerous cases cited.

We refer to **Volume 31, Ohio Jurispru-dence, p. 498** and quote from article 262:

"Under early statutory provisions, per-sons who were neither members of medical societies nor licensed were deprived of the aid of the law in collection of their debts for services as physicians or surgeons, con-tracts for such services under such circum-stances having been regarded as void."

"This statute was adjudged a constitu-tional and valid enactment. Moreover, the repeal of such statutory provisions would not revive such a contract for services performed during the existence of the law, and enable a physician or surgeon to re-cover for the services after the repeal. How-ever, a penalty imposed by Statute implies a prohibition and a contract founded on a violation of a penal statute is void, though not expressly declared so by the statute. Hence, when a statute merely makes it a misdemeanor to practice medicine without complying with certain requirements, a practitioner who violates the statute can not recover for his services."

**Nichols v Poulson, 6 Ohio, 305.**
21 R.C.L., 417-418.

For the foregoing reasons and upon the basis of the foregoing authorities, we find that the petition in this case did not state a cause of action, and that the demurrer filed thereto by the defendant below was properly sustained by the trial court.

The judgment of the Court of Common Pleas is affirmed.

CARTER and ROBERTS, JJ, concur.