STATE OF IOWA, Appellant, v. FRED BRIGHI, Appellee.

No. 46071.

DECEMBER 15, 1942.

John M. Rankin, Attorney General, Jens Grothe, Assistant Attorney General, Ralph Bastian, County Attorney, and Horace J. Melton, Assistant County Attorney, for appellant.

Helsell, Burnquist & Bradshaw, of Fort Dodge, for appellee.

MILLER, J.—On November 7, 1941, an information was filed

with a justice of the peace in Webster county, Iowa, which stated:

"The defendant is accused of the crime of *Failing to Yield the Right of Way and Caused a Fatal Accident.*

"For that the Defendant on the 3d day of Nov., A. D., 1941 at the City of Fort Dodge, Ia., in the County and State aforesaid, did fail to yield the right of way with his automobile thereby causing a collision fatal to Mrs. Clyde Williamson, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Iowa."

To this information the defendant entered a plea of not guilty. Trial was had, resulting in a conviction and a fine of $100 and costs.

Appeal was taken to the district court of Webster county. The plea of not guilty was withdrawn and a demurrer to the information was filed on the following grounds:

"1. That said information does not charge an offense against the laws of the State of Iowa.

"2. That there is no clear statement of any affirmative act on the part of the defendant constituting an offense either of commission or omission such as is defined by any statute of the State of Iowa.

"3. That there is no statute in the State of Iowa providing a penalty for the act charged in said information and that the court would be without jurisdiction to assess any penalty even admitting the defendant committed the act as charged in said information."

The information was thereafter amended by inserting the words "at an intersection" after the words "right of way" as they appear in two places in the information. The cause was submitted to the court on the demurrer to the information as amended. The court sustained the demurrer. The State elected to stand on the ruling. Judgment was entered discharging the defendant, setting aside the judgment of the justice of the peace, exonerating defendant's bond, and entering judgment against the State for costs. The State of Iowa appeals therefrom.

While the grounds of the demurrer were three in number,

they presented but two questions for the court's decision: first, whether the act charged in the information is made an offense by the statutes of this state, and second, whether the information states the commission of the offense. The answer to either question depends upon an interpretation of chapter 175 of the Acts of the Forty-ninth General Assembly, which repealed section 5026.01 of the Code, 1939, and enacted in lieu thereof the following provisions:

"Where two vehicles are approaching on any public street or highway so that their paths will intersect and there is danger of collision, the vehicle approaching the other from the right shall have the right of way.

"The foregoing rule is modified at through highways and otherwise as hereinafter stated in this chapter."

This enactment is substantially the same as section 5035, Code, 1935, which has been repeatedly interpreted by this court. Accordingly, while the statute involved herein is of recent enactment, the circumstances are such that we have many interpretations thereof by this court. It is the contention of the State that chapter 175, Acts of the Forty-ninth General Assembly, states a criminal offense when interpreted with section 5036.01, which provides as follows:

"It is a misdemeanor for any person to do any act forbidden or to fail to perform any act required by any of the provisions of this chapter unless any such violation is by this chapter or other law of this state declared to be a felony."

In the case of State v. Campbell, 217 Iowa 848, 853, 251 N. W. 717, 719, 92 A. L. R. 1176, this court states:

"It is a settled rule in this state that criminal statutes are to be strictly construed, and not extended to include an offense not clearly within the fair scope of the language employed. State v. Bunn, 195 Iowa 9, 190 N. W. 155; State v. Niehaus, 209 Iowa 533, 228 N. W. 308. It is also settled in this state that there are no common-law offenses and that all crimes are statutory. State v. Banoch, 193 Iowa 851, 186 N. W. 436; State v. Flory, 203 Iowa 918, 210 N. W. 961; State v. Lamb, 209 Iowa 132, 227 N. W. 830."

In 14 Am. Jur. 773, 774, section 19, the rule is amplified as follows:

"The legislature, in the exercise of its power to declare what shall constitute a crime or punishable offense, must inform the citizen with reasonable precision what acts it intends to prohibit, so that he may have a certain understandable rule of conduct and know what acts it is his duty to avoid. * * * It is axiomatic that statutes creating and defining crimes cannot be extended by intendment. Purely statutory offenses cannot be established by implication. There can be no constructive offenses. Before a man can be punished, his case must be plainly and unmistakably within a statute."

I. The attorney general concedes that the law is as above stated, but contends that the information should be interpreted as asserting that the defendant was operating an automobile on the streets of Fort Dodge, approaching an intersection at the same time that another automobile was approaching the intersection from his right, that the vehicles approached each other in such manner that their paths would intersect and there was danger of collision and, under such circumstances, the defendant failed to yield the right of way, thereby violating chapter 175 of the Acts of the Forty-ninth General Assembly and, because of the provisions of section 5036.01, Code, 1939, defendant, having failed to perform an act required by chapter 251.1, Code, 1939, was guilty of a misdemeanor.

It will be noted that chapter 175, Acts of the Forty-ninth General Assembly, expressly provides that the rule therein stated is modified "at through highways *and otherwise*" as thereinafter stated in said chapter. Accordingly, by its very terms, the statute does not purport to state the only rule for right of way at an intersection. The decisions of this court, as well as the statutes, demonstrate that the contention of the State is without merit.

In Hartman v. Red Ball Transportation Co., 211 Iowa 64, 68, 233 N. W. 23, 25, we state:

"The driver of the automobile approaching an intersection and finding no one approaching it from the right within such

distance and under such circumstances as to reasonably indicate danger of collision, is under no obligation to stop, but may lawfully proceed on his way.''

Applying this rule to the facts presented in that case, we held that the jury could have found that the plaintiff, who entered the intersection from the left, did not have to yield the right of way to the defendant's bus, which was approaching from the right, and the judgment in favor of the plaintiff was affirmed. This court has had many other occasions to announce the same rule and to sustain similar recoveries by a plaintiff whose car entered the intersection from the left. The following cases are illustrative: Becvar v. Batesole, 218 Iowa 858, 256 N. W. 297; Wolfson v. Jewett Lbr. Co., 210 Iowa 244, 227 N. W. 608, 230 N. W. 336; Lein v. John Morrell & Co., 207 Iowa 1271, 224 N. W. 576; Sexauer v. Dunlap, 207 Iowa 1018, 222 N. W. 420; Shuck v. Keefe, 205 Iowa 365, 218 N. W. 31. These cases, and others to the same effect, demonstrate that the rule announced by chapter 175, Acts of the Forty-ninth General Assembly, is a relative one, depending entirely upon the facts existing at the moment a decision by the operator is required. The testimony is often in sharp dispute. The rule is a very salutary one when applied to determine civil liability. But it does not meet the rigid requirements of a statutory definition of a public offense.

As above stated, statutes creating criminal offenses must be strictly construed. The legislature has no power to create offenses by implication. ''There can be no constructive offenses.'' Here, section 5036.01 makes it a misdemeanor for one ''to do any act forbidden or to fail to perform any act required'' by the chapter on the law of the road. But, when we undertake to apply that section to Chapter 175, Acts of the Forty-ninth General Assembly, we find that said chapter 175 does not expressly forbid any act. And only by implication does it require one. It has been often held in civil cases that the operator of the motor vehicle approaching from the left, where the danger of collision may be reasonably apprehended, is guilty of actionable negligence if he fails to yield the right of way to the car approaching from his right. Bletzer v. Wilson, 224 Iowa 884,

887, 276 N. W. 836; Smithson v. Mommsen, 224 Iowa 307, 315, 276 N. W. 47. Also, in similar cases, the driver of the car approaching from the left has been held to be guilty of contributory negligence that prevents recovery on his part. Hewitt v. Ogle, 219 Iowa 46, 256 N. W. 755; Masonholder v. O'Toole, 203 Iowa 884, 210 N. W. 778.

 The implication of negligence or contributory negligence in civil cases for failure to so yield the right of way is entirely proper. But the implication that a criminal offense was also committed is not proper. Rules of conduct, applicable to civil cases sounding in tort, often must be dependent upon implication or construction. But strict construction of criminal statutes does not permit the definition of a public offense to depend upon implication. We are convinced that chapter 175, Acts of the Forty-ninth General Assembly, was not intended to create the basis for a criminal prosecution.

The judgment is—Affirmed.

All JUSTICES concur.