F. C. HEINL, Appellant, v. GEORGE FRENCH, Trustee, et al., Appellees.

No. 46818.

FEBRUARY 5, 1946.

McCulla & McCulla, of Cherokee, for appellant.

Lew McDonald, of Cherokee, for George French, trustee, appellee.

Archie R. Nelson, of Cherokee, guardian ad litem for Henry Heinl, appellee.

MULRONEY, J.— ■ The estate proceedings of John N. Heinl, deceased, disclose a will probated September 7, 1926, leaving certain property in trust for eleven of his children (all apparently adults), subject to a deduction from each child's share of the amount of the child's indebtedness to him. The proceedings further show an assignment dated September 19, 1927, by one of the eleven children, Fred Heinl, to his mother, Lena Heinl, containing the following language:

"*Know All Men By these Presents* that I, Fred C. Heinl * * * in consideration of the sum of Ten Dollars and other good and valuable consideration to me in hand paid by my beloved mother, LENA HEINL * * * have sold, assigned, transferred, and set over and by these presents sell, assign, transfer, and set over to the said Lena Heinl, her executors, administrators, or assigns, all and whatsoever of my right, title, and interest, in and to the estate of the late John N. Heinl, my father * * * and all and whatsoever right, title and interest I have and may have by virtue and under the terms of the last will and testament of the said John N. Heinl to the estate and to the trust estate and funds created by the last will of the said John N. Heinl and of which trust George R. French and Henry Heinl are trustees, the same to be hers absolutely."

Some controversy seems to have arisen over the amount of Fred's indebtedness to his father. The proceedings show

that, for the purpose of fixing the value of the estate held by Lena by virtue of the above assignment, the indebtedness was fixed at $6,000, with interest at six per cent from March 1, 1928. The fixation of this indebtedness in this amount was agreed to by Lena, the other ten children, and the executors.

The executors filed their final report March 2, 1929, and on the same date Lena executed a receipt and waiver of notice wherein she acknowledged receipt of all "moneys and properties" due her under the will of John Heinl and waived notice of the filing of and hearing on the final report of the executors. The final report was approved May 22, 1930, and the order of approval authorized and directed the executors to turn over the trust property to the trustees and they were discharged as executors.

On March 28, 1945, there was filed in the probate records of this estate what all parties concede to be a reassignment by Lena Heinl to Fred Heinl of that interest in the John Heinl estate which had previously been assigned to her by Fred. The reassignment is dated August 30, 1937.

On May 1, 1945, the trustees filed a report stating they had money in the trust received from rents, sale of lands, etc., and they prayed for an order to make a proposed distribution.

On May 21, 1945, Fred filed objections to the report, praying for an order reopening the estate so that the order fixing his indebtedness could be set aside. He alleged that the estate was never properly closed because no notice of the final report was ever given to him.

The trial court refused to reopen the estate, holding:

"Under the record at the time of closing said Estate, the said Fred C. Heinl had no interest therein and was not entitled to notice of the filing of, and hearing upon, the said Final Report."

This ruling of the trial court is the first error assigned by Fred Heinl on this appeal. His proposition is that he was an "interested" person in the estate and therefore entitled to notice under section 12073, Code, 1939, even though he had assigned his complete interest in the estate to his mother. We hold the assignment to his mother divested him of all in-

terest in the estate and the trial court was right in holding he was not an interested party at the time of the filing of the final report and the hearing thereon.

██ The trustees filed another report entitled "Amended Financial Statement to the Beneficiaries of the Trust and Amended Proposed Distribution." The court made an order for a notice to be mailed to Fred, by July 10th, of a hearing to be held upon this report on July 17, 1945. There is no showing that Fred did not receive the mailed notice and it appears from the court's ruling that the notice was given in the manner provided in the order, and further, that at the hearing, when this report was being considered, appellant's counsel appeared in the courtroom and advised the court that he had filed notice of appeal from the earlier order denying his application to reopen the estate, "and that he was taking no part in this hearing; that he would stand upon his appeal." Some testimony was introduced during the hearing on this amended report. Appellant states his two remaining assignments of error to be:

"(2) Error of Court in finding appellant was given notice of the hearing on trustee's report as amended held July 17, 1945. (3) Error of Court in receiving testimony at the hearing held July 17, 1945."

The argument, also unsupported by authorities, by which appellant supports these assignments of error, is based upon the proposition that the notice was "fatally defective in that it did not recite that An Amended Financial Report Was On File and would come on for hearing." The notice recited the trustee's financial report and proposed distribution was filed and would come on for hearing. It was really a substituted report. In any event, it was a trustee's report and appellant was sufficiently apprised of the hearing thereon. We can see no error in the second assignment. Of course, the third falls with the second. Appellant cannot predicate error upon the court's receiving testimony at a hearing where he was legally served and he failed to appear and object. The cause is affirmed. —Affirmed.

All JUSTICES concur.