STATE OF IOWA, appellant, v. EASTER RUTH HOLLING, appellee.

No. 48965.

(Reported in 78 N.W.2d 25)

JULY 26, 1956.

Dayton Countryman, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and William S. Cahill, County Attorney, for appellant.

Ralph Youngstrom, of Burlington, for appellee.

BLISS, J.—Defendant's demurrer based on sections 762.11, 777.1 and 777.2 of the 1954 Code of Iowa is as follows:

"1. That the statute upon which the information is based, so far as it undertakes to create a criminal offense, is void in that the statute does not expressly forbid or require any act except by implication.

"2. If any act is required or forbidden thereby then the statute is not sufficiently explicit to inform those who are subject to it what conduct will render them liable to its penalties, and form the basis for a criminal action.

"3. That the information does not charge the said defendant with any crime."

The information was subscribed and sworn to by an "Iowa Highway Patrolman."

This demurrer is identical with the demurrer filed in State v. Coppes, 247 Iowa 1057, 78 N.W.2d 10, opinion in which was announced on the 26th of July, 1956, before the same trial court that presided in this case.

Section 321.288 of the 1954 Code of Iowa provides:

"Control of vehicle. The person operating a motor vehicle or motorcycle shall have the same under control and shall reduce the speed to a reasonable and proper rate:

"1. When approaching and passing a person walking in the traveled portion of the public highway.

"2. When approaching and passing an animal which is being led, ridden, or driven upon a public highway.

"3. When approaching and traversing a crossing or intersection of public highways, or a bridge, or a sharp turn, or a curve, or a steep descent, in a public highway."

Defendant in the trial court relied on our ruling in State v. Brighi, 232 Iowa 1087, 7 N.W.2d 9, while the State contended that section 321.288, when interpreted with section 321.482, Iowa Code of 1954, is a criminal statute. The court said:

"Whether or not the language of 321.288, ICA, is sufficiently definite and precise is, in the opinion of this court, very questionable. This court is of the opinion that there is definitely a wide and unresolved area in between the Iowa Supreme Court's rulings in State v. Brighi and State v. Paul."

We think there is, but as stated in the opinion in State v. Coppes, supra, it is solely because the Brighi case discussed and passed upon the enactment there involved solely as chapter 175 of the Forty-ninth General Assembly and not as a section of the Iowa Code in connection with section 321.482 of the Code of 1946 and of all subsequent Codes. The Brighi case is not decisive of the instant case. Were the Brighi case before us at this time with the statute there involved, as it *now* is, section 321.319 of the 1954 Code of Iowa connected as it is with section 321.482 of that Code, we would hold it valid and that it does state a criminal offense, particularly under the precedent of State v. Paul, 242 Iowa 853, 48 N.W.2d 309.

There are a great variety of sharp turns, and curves of different degrees of curvature. Many descents with different degrees of steepness. It would be impossible to specify a mile-per-hour speed that would be proper or practical for these differing highway conditions. The best that a legislative body can do is to inform the motorist in pertinent general language.

We agree with the statement in Commonwealth v. Klick, 164 Pa. Super. 449, 453, 65 A.2d 440, 442: "The mandate of [the section] is a salutary police measure limiting the operation of motor vehicles, in the public interest. To define specifically permissible rates of speed under every conceivable condition would be manifestly impossible; hence the general language * * * is no valid objection to it on constitutional grounds."

The statement is particularly apropos of this case.

We have discussed the matter fully in State v. Coppes, supra, 247 Iowa 1057, 78 N.W.2d 10, and we refer the reader to

that opinion, for what we said there applies fully to and is decisive of this case.

The judgment is—Reversed.

THOMPSON, C. J., and GARFIELD, LARSON, OLIVER, and PETERSON, JJ., concur.

SMITH, J., concurs in result.