IN RE ESTATE OF ROBERT HANDY, deceased, RUSSELL S. WUN-
SCHEL, administrator cum testamento annexo; GAIL
HANDY et al., petitioners.

No. 50963.

(Reported in 126 N.W.2d 332)

62

Fᴇʙʀᴜᴀʀʏ 11, 1964.

Wunschel & Schechtman, of Carroll, for administrator c.t.a.

Ralph M. Crane, Leighton A. Wederath and James Furey, all of Carroll, for petitioners.

HAYS, J.—On June 7, 1961, the last will and testament of Robert D. Handy, deceased, was admitted to probate. Charles Handy, a brother, was named sole beneficiary. Charles predeceased testator leaving four children who became the beneficiaries under section 633.16 of the Code. Russell S. Wunschel, an attorney, was appointed administrator c.t.a. June 16, 1962, a final report was filed stating nothing remains to be done except settlement of claim by Guthrie County, Iowa, and distribution to the beneficiaries, and asking an order closing same. Notice as provided for by section 638.36 was given to the beneficiaries and on June 27, 1962, an order was entered approving the final report and ordering the closing of the estate after payment of costs and distribution to the beneficiaries.

On September 7, 1962, petitioners filed in said probate proceedings what they call a "petition to set aside will and probate of will", in which they allege they are heirs of testator and in case of intestacy are entitled to a one-sixth interest in the estate. Petition alleges testator was mentally incompetent to execute a will. On September 12 petitioners filed a "motion to set aside order on final report", which contains substantially the same allegations as the petition to set aside the will. On September 13 the administrator filed a resistance alleging petitioners have not shown they have an interest in the estate and are not proper parties. This motion was set down for hearing on October 19, 1962, and notice given the beneficiaries under the will. October 8, 1962, the administrator filed a "Supplemental Final Report." This asks authority to settle the Guthrie County claim and also, by virtue of an agreement between the heirs, that the estate be distributed as intestate property. This report was set for hearing on October 19, 1962, resistance to same being filed by the petitioners. A hearing on these reports was had to the court on October 19, 1962, and the matter taken under advisement. On November 5, 1962, the administrator filed a "Report" in which he states that the beneficiaries under the will have returned all assets to said administrator who proposes to assign all assets to

the Clerk of Court of Carroll County for distribution to the heirs of Robert D. Handy, deceased, under the laws of intestacy after payment of the Guthrie County claim. No time or place was ever fixed for a hearing on this report.

On November 16, 1962, the court filed its ruling upon the October 19 hearing and in which it clearly appears that the report of November 5 was considered and in the main approved. This report approved payment of the Guthrie County claim. It also states that under the November 5 report the legatees under the will and the heirs of testator, under the intestate laws, have made an agreement and settlement which constitutes a setting aside of the will and that the petition to set aside will and motion to set aside the final reports are all overruled. It approves the deposit of the assets with the clerk for distribution as intestate property. The petitioners have appealed.

Three alleged errors are assigned:

(1) Error in overruling motion to set aside final report.

(2) Error in overruling the petition to set aside the purported will contest of Robert D. Handy.

(3) Error in ordering the assets turned over to the clerk of court for distribution.

I. Did the court err in overruling the motion to set aside final report? We think not. The appellee contends petitioners are not parties authorized to maintain such a proceeding. Appellants contend that they are "persons interested" within the purview of section 638.36, Code of Iowa, and entitled to notice of the filing of the final report; that such motion was filed within the time limit prescribed by section 638.11, Code of Iowa.

Section 633.38, Probate conclusive—setting aside, provides: "Wills, foreign or domestic, shall not be carried into effect until admitted to probate as hereinbefore provided, and such probate shall be conclusive as to the due execution thereof, until set aside by an original or appellate proceeding."

At the time the final report was filed and approved, the will was in full effect. Under this situation the authorities hold that only parties who are named as beneficiaries are "persons interested" under section 638.36 and entitled to notice.

This, at least at the time the report was filed and approved, applied only to the four beneficiaries under the will. McGovern v. McGovern, 192 Iowa 1196, 1208, 186 N.W. 60; In re Estate of Huston, 238 Iowa 297, 27 N.W.2d 26; Heinl v. French, trustee, 237 Iowa 232, 21 N.W.2d 591.

Appellants say that the so-called petition to set aside will and probate of will constitutes a contest; that it was filed within the statutory time and by the filing thereof they acquired an interest such as to authorize them to object to the final report. While no direct authority has been cited bearing upon the effect of a pending will contest upon the right of an executor under said will, duly probated, to proceed with the settlement of the estate, we think the question is answered in this state by section 633.38 and the answer is that only when the will has *actually* been set aside does the duly appointed executor thereunder cease to have power and authority to act as such executor. See, however, 57 Am. Jur., Wills, section 747; 95 C. J. S., Wills, section 332. See also Drosos v. Drosos, 251 Iowa 777, 103 N.W. 2d 167. The trial court did not commit error in overruling the motion to set aside order on final report.

II. Error is assigned in the order setting aside the pending purported will contest. The trial court found that the beneficiaries under the will and the heirs-at-law of testator "have made an agreement and settlement and that this constitutes a setting aside of the will and that the petition to set aside will and motion to set aside the final reports are all overruled."

The record shows that the only matter ever set for hearing was the motion to set aside final report and the supplemental report. In this supplemental report mention is made of an agreement between the parties to distribute the estate as an intestate. While this is a law action and the finding of fact by the court is conclusive if based upon substantial proof, there is not one word relative to an agreement other than appears in the report and amendment to motion to set aside. The record as it now stands shows without dispute that such an agreement, though proposed, was never signed. Thus even if the status of the petition to set aside the will was at issue before the court, which it was not at the time the ruling appealed from was

entered, the record furnishes no support for the court's setting aside the so-called will contest petition. Appellants are entitled under section 614.1(3) to their day in court on said contest in the absence of a valid agreement of settlement between all the heirs of testator, and the denial of such right constitutes error.

III. Error is asserted in ordering all assets of the estate turned over to the clerk of court for distribution. Division I hereof is a complete answer to this assigned error. So long as the will of Robert D. Handy stands, petitioners are in no position to question the action or conduct of the administrator c.t.a. relative to the manner of handling the estate. It is simply no business of anyone, except the beneficiaries of the will and creditors of estate as to how the assets of the estate are handled. While we do not determine the question of the legality of the transfer to the clerk of court of the assets of the estate, we do hold the issue is not properly raised.

In so far as the order of the court assumes to determine and to dismiss the so-called "petition to set aside will", the same is reversed. Otherwise affirmed.—Affirmed in part and reversed in part.

GARFIELD, C. J., and LARSON, THOMPSON, PETERSON, THORNTON, MOORE and STUART, JJ., concur.