**STATE of Iowa, Appellee,**

**v.**

**Thomas Arthur NELSON, Appellant.**

**No. 55767.**

Supreme Court of Iowa.

May 23, 1973.

Nelson, Vasey & Cahill, Nevada, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen. and Donald Smith, Story County Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

Following a one car accident in Story County which occurred when defendant left the highway while negotiating a curve on a gravel road, defendant was charged with violating section 321.288, The Code, by failing to have his motor vehicle under control. Upon trial to the court, he was convicted and sentenced to pay a fine of $20.00. In addition the trial court cancelled defendant's temporary driving per-mit. He appeals; we affirm the trial court.

Defendant assigns two errors which he says demand a reversal. He alleges, first, that the trial court used proof by preponderance of the evidence to convict rather than proof beyond a reasonable doubt. Next he urges there was insufficient evidence to sustain a conviction.

I. The first assignment may be disposed of quickly. We find nothing to support the contention the trial court reached its decision by applying to this criminal case the standard of proof—preponderance of the evidence—applicable to civil cases.

The trial court filed detailed findings of fact reviewing the evidence and setting out the basis for the conclusion reached. Nowhere is there a reference to the quantum of proof required for conviction. Nevertheless, defendant would have us believe this experienced trial judge found him guilty of a criminal charge by disregarding one of the most elementary rules of criminal procedure—guilt must be established beyond a reasonable doubt.

There is no merit in this assignment.

II. The remaining issue concerns the question of sufficiency of the evidence. The matter was first raised by motion for directed verdict; the same error is now asserted by defendant's argument the evidence is insufficient to sustain the verdict. In considering this complaint we view the evidence in the light most favorable to the state, giving effect only to that which supports the conviction, whether disputed or not. State v. Jellema, 206 N.W.2d 679 (Iowa 1973); State v. Bruno, 204 N.W.2d 879, 884 (Iowa 1973); State v. Cartee, 202 N.W.2d 93, 96 (Iowa 1972). With this in mind, we recite briefly the evidence upon which the conviction rests.

At the time of the accident defendant, 16 years old, was driving his father's car on a county gravel road. He was ac-

companied by another young man and two young girls. It was about 10:15 P.M. Defendant was familiar with the road and knew there were several sharp turns close together. (This is a matter of some disagreement in the record.) Approaching the first curve, defendant reduced his speed from 30 miles per hour to about 15 miles per hour. He negotiated this curve without trouble and increased his speed once more to 30 miles per hour. He did not see the second curve until within 25 feet of it. At that time he braked hard, but his back wheels skidded on the loose gravel. He went off the road, turned over, and ended up in an adjoining ditch. Section 321.288 provides in part as follows:

"The person operating a motor vehicle * * * shall have the same under control and shall reduce the speed to a reasonable and proper rate:

(1) * * *

(2) * * *

(3) When approaching and traversing a crossing or intersection of public highways, or a bridge, or a sharp turn, or a curve, or a steep descent, in a public highway".

Section 321.482 makes violation of the above section a misdemeanor punishable by a fine of not more than $100.00 or by imprisonment by not more than 30 days.

Section 321.288 is essentially a speed statute. A speed which is reasonable and proper under some circumstances may be excessive under others. Here there was substantial evidence to support a finding defendant's speed was not "reasonable and proper" and that as a result he did not have his vehicle under control. Defendant was driving at night on a gravel road. He had just come out of one sharp curve and was approaching another. Nevertheless he increased his speed and "did not see" the second curve—although the court could find he knew of its location—until he was almost upon it. At this point the hard application of brakes on the loose gravel threw the car out of control.

Under the record before us, whether defendant was guilty of violating section 321.288 was a fact question. There was substantial evidence to support the trial court's conclusion, and it is therefore binding on us. State v. Jellema and State v. Cartee, both supra.

Affirmed.