STATE of Iowa, Appellant,

v.

Randall Lee MULLENIX, Appellee.

No. 64620.

Supreme Court of Iowa.

Dec. 17, 1980.

Thomas J. Miller, Atty. Gen., Douglas F. Staskal, Asst. Atty. Gen., W. Edward An-

stey, Appanoose County Atty., for appellant.

Kenneth L. Keith, of Dull, Keith & Beaver, Ottumwa, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, LARSON, and SCHULTZ, JJ.

LeGRAND, Justice.

Defendant Randall Lee Mullenix was found guilty in magistrate's court of driving at a speed which did not permit him to stop within the assured clear distance ahead in violation of section 321.285, The Code 1979. He appealed to district court, where the charge was dismissed. The State then applied for, and was granted, discretionary review. Section 814.5(2)(d), The Code 1979. We reverse.

The sole question raised is whether the "assured clear distance" language of the statute defines a criminal offense when read in conjunction with section 321.482, The Code 1979.

Section 321.285, The Code 1979, provides in part as follows:

Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, such driver having the right to assume, however, that all persons using said highway will observe the law.

The pertinent portion of section 321.482, The Code 1979, states:

It is a simple misdemeanor for any person to do any act forbidden or to fail to perform any act required by any of the provisions of this chapter unless any such violation is by this chapter or other law of this state declared to be a felony.

Defendant insists there is no criminal offense contemplated by section 321.285. The

trial court agreed, relying heavily on *City of Vinton v. Engledow*, 258 Iowa 861, 140 N.W.2d 857 (1966). We do not believe *Engledow* supports the conclusion reached. That case dealt with a conflict between a municipal ordinance and a statute. Nowhere did we say violation of the specific provisions of ch. 321 was not a criminal offense.

The language of several prior cases is helpful in deciding the present appeal. In *State v. Brighi*, 232 Iowa 1087, 1091, 7 N.W.2d 9, 11 (1942), we refused to say the statute establishing right-of-way rules for cars approaching an intersection defined a crime because the language neither forbade nor required the doing of any act. It merely granted the driver on the right priority in entering the intersection. Only by inference did it require the opposing driver to yield. We said crimes cannot be created by inference.

Significantly, however, the statute was later amended to require the driver on the left to *yield* to the driver on his right. We recognize this in *State v. Holling*, 247 Iowa 1082, 1084, 78 N.W.2d 25, 26 (1956) where we said:

Were the *Brighi* case before us at this time with the statute there involved, as it *now* is ... we would hold it valid and [find] that it does state a criminal offense, particularly under the precedent of *State v. Paul*, 242 Iowa 853, 48 N.W.2d 309. (Emphasis in original.)

*State v. Paul*, 242 Iowa 853, 858–59, 48 N.W.2d 309, 312 (1951), to which reference is made in the foregoing quotation, involved a conviction, affirmed on appeal, for violating section 321.257, The Code, (failure to yield right of way to a pedestrian.) We have upheld convictions for violation of comparable provisions of ch. 321 in a number of cases. Among them are *State v. Nelson*, 207 N.W.2d 751 (Iowa 1973) (§ 321.-288, failure to have car under control); *State v. Rivera*, 260 Iowa 320, 149 N.W.2d 127 (1967) (§ 321.304(3), illegal passing in yellow–line zone); *State v. Wakeland*, 126 N.W.2d 335 (Iowa 1964) (§ 321.288, failure

to have car under control); *State v. Coppes,* 247 Iowa 1057, 1081, 78 N.W.2d 10, 24 (1956) (§ 321.285, driving in excess of a reasonable and proper speed.)

We see no reason to distinguish the offense involved in the present appeal from these. Particularly significant is the *Coppes* case, which affirmed a conviction for violating the same section (although a different charge) as the one we are reviewing here.

The section at issue is a speed statute. *See Demers v. Currie,* 258 Iowa 507, 511, 139 N.W.2d 464, 466 (1966). Contrary to the finding of the trial court, it does not make "negligent driving" a crime. Rather it makes a *specific* act of negligent driving a criminal offense. The section sets up a standard of conduct, and section 321.482 makes violation of it a misdemeanor. The trial court erred in dismissing the charge.

We therefore reverse but do not remand because defendant cannot again be prosecuted for this violation.

REVERSED.

All Justices concur except HARRIS, J., who dissents.