STATE OF IOWA v. DAVID GILLETT, Appellant.

92    527
136    96

**Criminal Practice.** Where the body of an indictment sets out a 1 breaking and entering to steal, it is not necessary to state that it was in the nighttime, it is immaterial that the caption accuses of "burglary," and evidence as to the said breaking is receivable thereunder.

OBJECTIONS were made that minutes before the grand jury "were not taken by the clerk of the grand jury and presented with the indictment to the court. No minutes have been returned showing he was a witness, identified and filed." Whereupon the court said, "you may have them filed now, and the same are marked filed now." No objection was made to this order, and it appears, fairly, that the minutes had been returned but were not marked filed. *Held*, no error in allowing witness to testify for the state.

CAUTIONING WITNESS. The court may tell a witness that he is an unwilling one and direct him to stand aside and collect his thoughts.

*Appeal from Louisa District Court.*—HON. D. RYAN, Judge.

THURSDAY, DECEMBER 13, 1894.

THE defendant was indicted for breaking and entering a store building in which goods, wares, and merchandise were kept for sale, use, and deposit, with the felonious intent to commit the crime of larceny. There was a trial by jury, and a verdict of guilty, and judgment on the verdict. Defendant appeals.—*Affirmed.*

*D. N. Sprague* for appellant.

*John Y. Stone*, attorney general, and *Thos. A. Cheshire* for the state.

ROTHROCK, J.—I. The caption or formal averments at the commencement of the indictment charged that the defendant was accused "of the crime of burglary committed as follows." The charging part of the indictment did not aver that the crime was committed in the nighttime. It is claimed that, as the crime in the caption of the indictment charged burglary, it was necessary to prove that a burglary was committed. The fact that the pleader designated the crime as "burglary" in the caption is immaterial. The body of the indictment describes the

offense as one committed under section 3894 of the Code. Indeed, the language of the indictment is in part identical with that in said section. The evidence tended to show that a store building where "goods were kept for use, sale, and deposit" was broken into, and it was competent evidence under the indictment. See *State v. Franks*, 64 Iowa, 39, 19 N. W. Rep. 832.

II. When the first witness was called by the county attorney, counsel for the defense, objected to the witness testifying, because the minutes of his testimony "were not taken by the clerk of the grand jury and presented with the indictment to the court. No minutes have been returned, showing he was a witness, identified, and filed." In answer to the objection the court said: "You may have them filed now, and the same are marked 'filed' now." Although the objection appears to be that the minutes of the evidence were not returned with the indictment, yet when the whole record is considered we think it fairly shows that the minutes were returned, but not marked "Filed." And as no objection was made to the filing as ordered by the court, we discover no error in this respect.

III. It is claimed that the court erred in stating to one of the witnesses that he was an unwilling witness, and directing him to stand aside for ten minutes and collect his thoughts, and excusing him for that time. We discover no abuse of the authority of the court in this order. It was evident, when the witness returned to the witness stand, that his testimony showed quite plainly that he was just what the court called him. His testimony after having been given time for reflection was material to the issue. He showed a decided inclination not to answer fairly when first on the stand, even when confronted with the minutes of his testimony before the grand jury.

IV.   It is urged that the evidence was insufficient to authorize a verdict of guilty.   Without setting out the testimony of the witnesses, which we have carefully examined, it is enough to say that we think it was amply sufficient, and that the judgment is just, and should be AFFIRMED.