IN RE ESTATE OF MARY KUPKA.

FRED J. KUPKA, administrator, appellee, v. STATE BOARD OF SOCIAL WELFARE, appellant.

No. 47807.

(Reported in 45 N.W.2d 855)

FEBRUARY 6, 1951.

Robert L. Larson, Attorney General, and Charles F. O'Connor, Special Assistant Attorney General, for appellant.

Walter Willett, of Tama, for appellee.

SMITH, J.—Defendant-Board, under the provisions of chapter 249, Iowa Code, 1950, rendered old-age assistance to Mary Kupka and her husband, both now deceased. By virtue of this chapter real estate owned by Mary was impressed with a lien for the amount of same. Sections 249.19, 249.20. Notice thereof was given pursuant to statute. This is a proceeding in her estate to determine whether this lien has priority over the claim of Mason Funeral Home for funeral expense in the distribution of the proceeds of sale of decedent's home, her only real estate.

The personal property consists of a small amount of household goods, estimated value, $100, and an uncashed old-age-assistance check of $43.40. The proceeds from the sale of the real estate (amounting to $1875) are in the administrator's hands awaiting the determination of the question of priority presented here. The Board's claim is for $1943.30, and the amount of funeral-expense claim is $300. The probate court held the Board's lien superior to doctor and hospital bills but .

ordered payment of funeral expense "up to $300" thereby giving that item priority over the lien for old-age assistance. The Board appeals.

Section 249.19 provides an old-age-assistance claim *"shall be allowed as a lien against the real estate * * * and as a claim of the second class against the personal estate * * *. Neither the homestead nor the proceeds therefrom * * * shall be exempt from the payment of said lien or claim, any act or statute to the contrary notwithstanding."* (Italics supplied.) The statute further provides the filing of the claim against the estate shall not waive the Board's right to foreclose its lien by equitable proceedings against the homestead or any other real estate.

Section 249.20 again asserts: "In any event, the assistance furnished under this chapter shall be and constitute a lien on any real estate owned either by the husband or wife for assistance and funeral benefit furnished to either of such persons."

These sections clearly make the old-age-assistance claim superior to every other claim or expense as against the decedent's real estate or the proceeds of its sale. It constitutes a *lien*. But as to decedent's personal estate it is only a claim of the second class, subject to funeral expenses (section 635.65, Iowa Code, 1950) and "debts entitled to preference under the laws of the United States" (section 635.66).

Were these the only statutes involved our duty to reverse the decision of the trial court would be plain. But section 249.18, relating to funeral expenses provides:

"On the death of any person to whom a certificate of old-age assistance has been issued, such reasonable funeral expenses shall be paid from the old-age assistance fund to such person as the county board directs, in an amount of not to exceed one hundred fifty dollars; provided:

"1. That the total expense of such funeral does not exceed three hundred dollars.

"2. That the decedent does not leave an estate which may be probated, subject to the provisions of section 249.19, with sufficient proceeds to allow a funeral claim of at least three hundred dollars, as provided by section 635.65.

"3. [Refers to possible life insurance or death or funeral benefits.]

"4. That in the event.the total funeral expenses exceed the department's liability of one hundred fifty dollars * * * the additional expenses shall accrue only when there is an extraordinary expense or when the family * * * specify the use of a steel or concrete outside burial vault. *Provided that said additional expense shall not be paid by the state.* * * * [Italics supplied.]

"When no claim is filed, or, whenever a claim is filed and disallowed, for the payment of funeral expenses, as provided for by this chapter and section, and the person furnishing such services and merchandise, in connection with the funeral of a deceased recipient of old-age assistance, files a claim against the decedent's estate, as provided for by chapter 635, such claim shall not be allowed in an amount exceeding three hundred dollars. * * *"

The trial court was of opinion this last quoted section means that in cases where there is an estate "a funeral bill may be allowed by the court not in excess of $300." This interpretation would be correct if there were property not subject to prior lien out of which the claim could be paid. But here there is only the proceeds of sale of real estate subject to prior lien and insufficient to satisfy such prior lien in full.

The court adds:

"The statute is far from clear to me and I may be wrong in my interpretation of it, but I believe that the legislature intended to make a distinction between the person who is a recipient of old-age assistance and who has been improvident and has no property whatsoever and upon whose death the state must dig into its pocket for the extra $150 to furnish burial, and the person who has accumulated through the course of years some property before old age and incapacity overtakes him and who has an estate for administration after death, and that the legislature intended that people who have an estate may be given twice as good a funeral as those who have absolutely nothing."

We find ourselves in agreement with the trial judge as to the statute's lack of clarity, but we reach a different conclusion

as to the intention of the legislature. The quoted section (249.18) starts with a clear direction to pay ("from the old-age assistance fund to such person as the county board directs") reasonable funeral expenses "in an amount of *not to exceed one hundred fifty dollars.*" The provisos that follow condition the payment of even that amount. They are not conditions precedent to the $150 *limitation* but to the payment of *any* amount for funeral expenses out of pension funds. No funeral expense is to be paid from old-age-assistance funds if the funeral costs more than $300, or if there are available lien-free assets sufficient to allow a funeral costing more than $300; or unless any excess cost over $150 is due to some extraordinary expense or to the use of a steel or concrete vault. And it is definitely stated that the *"additional expense shall not be paid by the state."* That can only mean "additional expense" over $150.

The difficulty arises when we come to interpret the next to last paragraph of section 249.18 (being the last paragraph quoted above from that section) beginning with the words "When no claim is *filed* * * *." That apparently means "filed" with the old-age-assistance administrators, not "filed" as a claim in probate.

But later where reference is made to the contingency that the person furnishing the funeral service "filed a claim against the decedent's estate" clear reference is to a claim made in administration proceedings.

■■ We find no language that requires the payment of more than $150 out of old-age-assistance funds under any circumstances for funeral expense; or that permits payment of any amount out of proceeds of sale of real estate before the old-age-assistance prior lien is satisfied. The later language merely authorizes payment up to $300 out of the estate subject to administration. As to that the claim for funeral expense would be paid ahead of the old-age-assistance claim, which is merely a claim of the second class.

In the instant case old-age assistance had been rendered, prior to decedent's death, to an amount in excess of the proceeds from sale of real estate. There is a deficiency which would be good against the *personal estate* (if there were any) as a claim

of the second class, that is, subject to prior payment of funeral expense. Were there a sufficient personal estate it could be held first liable for funeral expense in an amount up to $300 before any deficiency of the old-age-assistance claim (after proceeds of sale of real estate was exhausted) could participate as a claim of the second class.

The situation here seems to meet the four conditions precedent (or provisos) mentioned in Code section 249.18 as necessary to require the payment of $150 from the old-age-assistance fund for funeral expenses. Since there is here practically no personal estate the later provision of the Code section has no application. There is no showing in the record that any claim for funeral expense of Mary Kupka has ever been filed with the old-age-assistance authority, or that any such claim has been disallowed. We know of no reason why such claim, if filed, should not yet be paid "from the old-age assistance fund * * * in an amount of not to exceed one hundred fifty dollars" according to the express command of Code section 249.18. However we think on this appeal the decision of the trial court must be reversed. It is so ordered.—Reversed.

WENNERSTRUM, C. J., and OLIVER, GARFIELD, HAYS, BLISS, and THOMPSON, JJ., concur.

MULRONEY, J., takes no part.

MANTZ, J., not sitting.