Jack Bradley Horner, appellant, v. State Board of Engineering Examiners (members), appellees.

No. 50386.

2 

AUGUST 15, 1961.

REHEARING DENIED OCTOBER 17, 1961.

Webster, Frederick & Jordan, of Winterset, for appellant.

Evan L. Hultman, Attorney General, and Theodor W. Rehmann, Jr., Assistant Attorney General, for appellees.

THOMPSON, J.—Plaintiff's petition in substance alleges that he is entitled to registration in Iowa as a professional engineer, under the provisions of chapter 114 of the Code of 1958, and that the defendant, State Board of Engineering Examiners, hereinafter referred to as the board, has wrongfully refused to so register him. His action is for declaratory relief. He prays that his right to registration be established and that the board be required to register him and issue him a certificate of such registration. The trial court, after a hearing, denied relief and dismissed his petition. From the judgment so entered we have this appeal.

It is evident that the real controversy concerns the claimed right of the plaintiff to be registered as a professional engineer without the examination demanded by the board. There is no dispute as to the facts involved, which were stipulated; and so far as the record shows this was the only evidence before the trial court. We set out the stipulation verbatim:

"It is stipulated between the parties hereto as follows:

"In December, 1958, the Plaintiff, Jack Bradley Horner, made application to the Defendants herein for registration as a professional engineer in the State of Iowa. The Plaintiff's application discloses that he graduated from an approved course in engineering of four years in an approved college and meets all of the qualifications as a professional engineer as provided in Section 114.14 Sub. Sec. 1a of the 1954 Code of Iowa as amended by Chapter 87 of the Acts of the 57th General Assembly of Iowa.

"It is further stipulated that the Plaintiff, Jack Bradley Horner, has not taken or passed any examination as provided in Section 114.14 1(b) of the Code of Iowa. It is stipulated that the Defendants herein notified the Plaintiff of the time and place that such examinations would be given by the Defendant, State Board of Engineering Examiners, and that the Plaintiff, Jack Bradley Horner, has refused to take said examination and contends that he is entitled to be licensed as a professional engineer under Section 114.14(a) without submitting to such examination.

"It is further stipulated that the Plaintiff, Jack Bradley Horner, is duly licensed as a professional engineer in the State of Kansas. That he was licensed in the State of Kansas without taking any written or oral examination. It is further stipulated that the standards of the State of Kansas, in the judgment of the Defendants, are not lower than those provided in Chapter 114 of the Code of Iowa, except as to requirement for examination in any event.

"It is further stipulated that the only issue in this cause for determination by the Court is whether or not the Defendants under the stipulated set of facts herein can require the Plaintiff to submit to a written examination before being registered as a professional engineer under the provisions of Chapter 114 of the Iowa Code."

The major contention arises over the proper interpretation of section 114.14 of the Code. That part pertaining to the registration of professional engineers is set out herewith:

"General requirements for registration. The following shall be considered as minimum evidence satisfactory to the board that the applicant is qualified for registration as a professional engineer, or land surveyor, respectively, to wit:

"1. As a professional engineer:

"a. Graduation from an approved course in engineering of four years or more in an approved school or college; and a specific record of an additional four years or more of practical experience in engineering work of a character satisfactory to the board.

"b. Successfully passing a written, or written and oral, examination designed to show knowledge and skill approximating that attained through graduation from an approved four year engineering course; and a specific record of eight years or more of practical experience in engineering work."

Some claim is made to a right to registration under section 114.20; and we think other sections of the chapter are important. These will be discussed as they become material.

I. As we understand plaintiff's contention under section 114.14, supra, it is that 1a thereof gives him an absolute right to registration. Under the stipulation he is a graduate of an

approved course in an approved engineering college; and he meets all of the qualifications therein set out. It is his thought that 1b does not apply to him, the board has no right to apply it, and he has an absolute right to registration without taking an examination, which the board has required. We must therefore consider and interpret the statute.

It will be observed that 1a and 1b of the section are stated in the first sentence of the statute as "minimum evidence satisfactory to the board" of qualification for registration. Plaintiff's interpretation would eliminate the word "minimum" entirely, and make the qualification set out in 1a the maximum requirement that the board could exact. Plaintiff thinks 1b has no application to his situation, but is to be used only in the case of those who have not graduated from an approved course in an approved engineering college. With this we are unable to agree. We think the board is given the right to use either 1a or 1b in determining the minimum standard of qualification which it will accept. We were faced with an identical situation in State v. Mosher, 78 Iowa 321, 43 N.W. 202. This concerned the prosecution of the defendant for practicing medicine without a license. At that time the law provided three tests of qualification to practice medicine in Iowa. They were: 1, a written examination by the board of medical examiners; or 2, that the applicant was a graduate in medicine; or 3, that he had been in continuous practice in the state for five years, three of which must have been in one locality. The defendant contended that he had shown he had practiced for the required time, under "3" above, and so was wrongfully denied a license. This court stated the contentions of the defendant as being that the real grounds for refusing him a certificate were a finding of incompetency, into which the board had no right to inquire since he qualified under "3". In effect, the contention was the same as the plaintiff makes here. But we held that even though the defendant in the Mosher case showed his qualification under "3", the board of medical examiners had the right to inquire into his competency by an examination. The court referred to a provision in the statutes giving the board a right to revoke a certificate for incompetency, which it thought pointed to the

legislative intent to permit it to require an examination under "1" even though the defendant there met the test set up by "3". We have a similar provision for revocation for incompetency in chapter 114, supra, section 114.21. State v. Mosher, supra, was cited with approval on the point in question in State v. Bair, 112 Iowa 466, 469, 84 N.W. 532, 533, 51 L. R. A. 776. It is true the word "or" does not appear between subsections 1a and 1b, supra; but it will not avail the plaintiff here to urge that the two paragraphs should be read conjunctively, with "and" instead of "or", since he would then have both requirements to meet as "minimum" evidence.

II. The plaintiff asks us to construe section 114.14 (1a) as though the word "minimum" did not appear in the statute. This we cannot do. The word is there; the legislature put it there; and we must assume it had a purpose in so doing. If it intended the provisions of 1a to mean that no other test than graduation from an approved engineering college and a record of at least four years of practical experience should be required, no possible reason for inclusion of "minimum" appears. The statute does not admit of a construction which would eliminate this word. When the language of a statute is plain and unambiguous, there is no room for interpretation by the courts. Dingman v. City of Council Bluffs, 249 Iowa 1121, 1126, 90 N.W.2d 742, 746; Cook v. Bornholdt, 250 Iowa 696, 699, 95 N.W.2d 749, 751. Many other cases have so held.

It is plain the legislature intended to give the board discretion in determining the qualification of applicants for registration. This it might do. Ross v. City Council of Sioux City, 136 Iowa 125, 127, 113 N.W. 474, 475; State ex rel. Bintz v. Nebraska State Board of Examiners, 155 Neb. 99, 50 N.W.2d 784, 786. Under a statute much like our own, the Nebraska Supreme Court held in the last cited case the board had discretion to examine evidence and exercise a discretion based thereon.

III. At this point the plaintiff attacks the constitutionality of the statute, if it is construed to mean that the board has discretion; that is to say, if we do not eliminate the word "minimum". We have said this cannot be done, and that the

statute does not admit of interpretation on this point. So the plaintiff's argument that where two constructions are possible the court should adopt that one which will avoid unconstitutionality is beside the point.

The state meets the challenge of constitutionality only by pointing out that the question was not raised in the lower court, and so cannot be urged here. Des Moines Ind. Com. Sch. Dist. v. Armstrong, 250 Iowa 634, 640, 95 N.W.2d 515, 519, and citations. We shall not attempt to decide if this argument is sound, but prefer to decide the validity of the statute on its merits rather than to leave the matter open to a challenge by the next applicant who may wish to avoid the necessity of an examination upon his qualifications. We turn to that issue.

It is the plaintiff's contention that if we do not delete the word "minimum" from the statute it is unconstitutional because it delegates power to the board without setting up standards by which it is to be applied. State v. Van Trump, 224 Iowa 504, 275 N.W. 569, and many other cases so hold. An unlimited power to give or withhold a license or right to operate a legitimate business likewise offends against constitutional prohibitions. Central States Theatre Corp. v. Sar, 245 Iowa 1254, 1258, 1259, 66 N.W.2d 450, 454. But we think these cases are not in point here.

In McLeland v. Marshall County, 199 Iowa 1232, 1238, 201 N.W. 401, 403, 203 N.W. 1, we said: "The exact line of demarcation between legislative power and administrative duties, in some cases, is not easily determinable. It may be stated in a general way that it is for the legislature to determine what the law shall be, to create rights and duties and provide a rule of conduct. This does not necessarily mean that the legislature must lay down a strict rule that must be followed by an administrative officer; but that an executive or commission may be vested by the legislative branch of the government with discretion, within certain limits, in carrying out the provisions of a statute."

We quoted this with approval in Mathiasen v. State Conservation Commission, 246 Iowa 905, 909, 70 N.W.2d 158, 161. This is the rule we must apply in the case at bar.

8

■ Another settled rule of construction which is important here is that in determining the meaning of a statute all provisions of the Act of which it is a part, and other pertinent statutes, must be considered. Cook v. Bornholdt, supra, loc. cit. 250 Iowa 698, 95 N.W.2d 751; Iowa Public Service Co. v. Rhode, 230 Iowa 751, 753, 298 N.W. 794, 796, and cases there cited. We think the application of this rule points the way to our holding that the board was within its fair discretion in requiring the plaintiff to take and satisfactorily pass an examination before according him registration.

■ We have pointed out in Division I that the board had the right to require an examination such as is called for by 1b even though plaintiff meets the *minimum* qualifications of 1a. If this is so, as we clearly held in State v. Mosher and State v. Bair, both supra, a sufficient standard is set up within which the board may exercise its discretion. Other provisions of chapter 114, of which section 114.14 is a part, also indicate what standards the board shall follow in its determination whether applicants are entitled to registration. Section 114.2 defines a "professional engineer" as one "who, by reason of his knowledge of mathematics, the physical sciences, and the principles of engineering, acquired by professional education and/or practical experience, is qualified to engage in engineering practice as hereinafter defined."

Section 114.13, immediately preceding 114.14, is significant. It provides that applications for registration shall be made on forms furnished by the board, which, under oath, shall show the applicant's *education* and detailed summary of his technical work, with five references from third persons. Then it says: "The *examination* fee shall be fifteen dollars which shall accompany the application." (Italics supplied.) This makes it clear that the board is empowered to require an examination of all applicants. They must submit an application which recites, among other things, their records of education, and with it an examination fee. There is no exception of those whose educational achievements include graduation from an approved course of engineering in an approved engineering college; all must accompany the application with an "examination" fee. Standing

alone, this section fairly implies that all applicants must take an examination to determine whether the qualifications set out in section 114.2 are met. It is qualified only by section 114.14(1a). Following this section 114.14(1a) permits, but does not require, the board to accord registration to one who has the educational attainments and experience set out in 114.14(1a). Applying the provisions of sections 114.2, 114.13, and 114.14, read together and as a part of the entire process of qualification and registration, no other conclusion can be reached but that the legislature has set up the standards which a professional engineer must meet, as defined in 114.2; and that the board, in determining whether these standards are met, may in its fair and unabused discretion require an examination or may, under 114.14(1a), accept certain educational requirements and experience as "minimum evidence" of qualification, but is not required to do so.

IV. Some contention is made that the plaintiff is entitled to registration under the provisions of section 114.20, the "reciprocity" statute. This says that one holding a certificate of registration in any state, territory or country recorded by the board as having standards of qualification not lower than those provided by chapter 114 shall be entitled to registration in Iowa and "shall be entitled to all the rights and privileges conferred by the certificate issued after examination by the board." It excepts those who have been admitted in other states having standards not lower than ours. But the stipulation of facts says only that the standards of Kansas are not lower than ours, except for the requirement of examination. This is a substantial and material exception, and excludes the plaintiff from the benefits of section 114.20.

The decree of the trial court was right and its judgment must be affirmed.—Affirmed.

All Justices concur.