IN RE ESTATE OF STEVE O'DONNELL, deceased.

H. ELVIN ERDAHL, administrator, and CECIL O. GOETTSCH, claimant, appellees, v. STATE BOARD OF SOCIAL WELFARE, appellant.

No. 50487.

FEBRUARY 6, 1962.

Leonard M. Flander, of Des Moines, Evan Hultman, Attorney General, and Theodor W. Rehmann, Jr., Assistant Attorney General, for appellant.

Rees, Remley & Heiserman, of Anamosa, for Cecil O. Goettsch, claimant-appellee.

THORNTON, J.—The question presented is, do the provisions of section 249.18, Code of Iowa, 1958, apply to an estate of a decedent formerly receiving old-age assistance, but not receiving assistance at the time of his death, where the claim of the State Board of Social Welfare remains unpaid?

The question arises on objections to the final report of the administrator filed by the State Board of Social Welfare and the resistance thereto filed by the holder of the claim for funeral expenses. The trial court held section 249.18, Code of Iowa, 1958, inapplicable, and allowed the funeral claim and the claim for the grave marker in full pursuant to section 635.65, Code of Iowa, 1958, and allowed the claim of the State Board of Social Welfare as a claim of the second class. The State Board of Social Welfare appeals, urging section 249.18, Code of Iowa, 1958, is a special statute, prevails over the general statute relating to funeral charges, and is controlling in the case of a decedent to whom an old-age assistance certificate has been issued. The appellee contends the State Board has only such means of recoupment as is allowed by statute, and section 249.18, Code of Iowa, 1958, is inapplicable here and applies only to a person receiving old-age assistance at the time of death.

The decedent, Steve O'Donnell, died a resident of Jones County on April 24, 1960. He had been issued a certificate of old-age assistance and received the sum of $2751 as old-age assistance from September 1, 1950, to and including September 1, 1956. Decedent then received $2000 from the sale of Nebraska real estate. This changed his status and he no longer received old-age assistance. Later he received money from the estate of a brother in South Dakota. This accounted for decedent's bank account of $2450 at his death. In addition he died owning other personal property of a value of $254.58. His total estate consisted of $2704.58. At no time pertinent did decedent own Iowa real estate to which an old-age-assistance lien might attach. The funeral claim of appellee is in the sum of $877.58. There is

a separate claim of a monument company for a grave marker in the sum of $15. The trial court found both were reasonable and the claim for the grave marker is a part of the funeral charges. The claim of the State Board is in the sum of $2751.

I. In pertinent part section 249.18, Code of Iowa, 1958, is as follows:

"On the death of any person to whom a certificate of old-age assistance has been issued, such reasonable funeral expenses shall be paid from the old-age assistance fund to such person as the county board directs, in an amount of not to exceed one hundred seventy-five dollars; provided: * * *

"4. * * * When no claim is filed, or, whenever a claim is filed and disallowed, for the payment of funeral expenses, as provided for by this chapter and section, and the person furnishing such services and merchandise, in connection with the funeral of a deceased recipient of old-age assistance, files a claim against the decedent's estate, as provided for by chapter 635, such claim shall not be allowed in an amount exceeding three hundred fifty dollars. * * * *."

Section 635.65, Code of Iowa, 1958, provides, "As soon as the executor or administrator is possessed of sufficient means over and above the expenses of administration, he shall pay off the charges of the last sickness and funeral of deceased, * * *." It is a general statute relating to all estates. The charges for the funeral are subject to reasonableness and propriety under the circumstances. In re Estate of Ewing, 234 Iowa 950, 14 N.W.2d 633; and Foley v. Brocksmit, 119 Iowa 457, 93 N.W. 344, 60 L. R. A. 571, 97 Am. St. Rep. 324.

Section 249.18, Code of Iowa, 1958, is a special statute relating to funerals of "any person to whom a certificate of old-age assistance has been issued." It limits the amount to be paid from old-age assistance funds to $175, if this is to be received the total funeral expense must not exceed $350, subsection 1, and to an additional $50 under the circumstances stated in the first paragraph of subsection 4. The third paragraph of subsection 4, set out above, limits the amount to be allowed where a claim is filed pursuant to section 635.65 to $350. This creates a conflict between the general statute, section

635.65, and the special one, section 249.18. In such event the special statute prevails, Warren v. Iowa State Highway Commission, 250 Iowa 473, 93 N.W.2d 60, and Shelby County Myrtue Memorial Hospital v. Harrison County, 249 Iowa 146, 86 N.W.2d 104, if the special statute is applicable. That is the question to be determined.

II. The State Board relies on the plain language of the section. The appellee urges the statute refers to a person receiving old-age assistance at the time of death and the State Board has only such means of recoupment as are granted by statute. Appellee cites the definition of recipient as found in section 249.1(10), Code of Iowa, 1958, and the use of the terms, recipient and former recipient, as well as unusual and, to him, undesirable consequences that will result if the construction asked by appellant is placed on the statute.

An examination of the present statute and its predecessors discloses in the Code of Iowa, 1935, section 5296-f25 provided, "On the death of any person receiving old-age assistance, such reasonable funeral expenses * * *." In 1939, the Forty-eighth General Assembly, chapter 142, section 1, repealed section 5296-f25, Code of Iowa, 1935, and enacted a substitute therefor. The substitute provided, "On the death of any person to whom a certificate of old-age assistance has been issued and has not been cancelled, * * *." Section 3828.021, Code of Iowa, 1939.

In 1943, the Fiftieth General Assembly, chapter 136, section 1, amended section 3828.021, Code of Iowa, 1939, by striking from lines three and four commencing after the word "issued" the following: "and has not been canceled." Since this amendment the first paragraph of the section has remained in its present form.

██ The language used in section 5296-f25, Code of Iowa, 1935, provides for funeral expenses for any person actually receiving aid at the time of death and none other. Section 3828.021, Code of Iowa, 1939, provides for a holder of a certificate that has not been canceled. It was not based on the fact of actually receiving assistance at the time of death but upon issuance of the certificate and it not being canceled. When the

Fiftieth General Assembly amended the section by deleting, "and has not been canceled", a change in the law is presumed unless the remaining language amounts to the same thing. 50 Am. Jur., Statutes, sections 275, 276, pages 262, 263. Here it does not, the old statute required issuance and the certificate being uncanceled. The new statute merely requires issuance of the certificate, nothing more. It does not refer to a recipient or a former recipient, the fact of actually receiving aid was removed from consideration on funeral expenses by the substitute enacted in 1939 by the Forty-eighth General Assembly.

The plain language of the statute, "On the death of any person to whom a certificate of old-age assistance has been issued * * *" must prevail. It determines the persons who receive the benefits provided and whose estates are subject to the limitations set out in section 249.18, Code of Iowa, 1958. It is pertinent to repeat the much-quoted admonition of Justice Oliver Wendell Holmes, "We do not inquire what the legislature meant. We ask only what the statute means." Cook v. Bornholdt, 250 Iowa 696, 95 N.W.2d 749; and In re Guardianship of Wiley, 239 Iowa 1225, 34 N.W.2d 593.

III. Appellees contend appellant has only such right to recoupment as is granted by statute. This is true, the whole subject of aid to needy persons is statutory, it is not a part of the common law. In re Estate of Frentress, 249 Iowa 783, 89 N.W.2d 367. But that the right of the state is fixed solely by section 249.19, Code of Iowa, 1958, is not true. Section 249.19 provides the State Board shall have a lien for the total amount paid as assistance on the real estate of the decedent, and as a claim of the second class against the personal estate. The claim of the State Board is placed with public rates and taxes and thus takes precedence over the claims of general creditors, but is subject to costs of administration, charges of the last sickness and funeral, section 635.65, Code of Iowa, 1958, and debts entitled to preference under the laws of the United States, section 635.66, Code of Iowa, 1958. By the enactment of section 249.18, subsection 4, paragraph 3, Code of Iowa, 1958, the legislature has limited the allowance for funeral charges that may take precedence over such claim of the second class to $350.

IV. Section 249.19, Code of Iowa, 1958, provides, "On the death of a person receiving or who has received assistance under this chapter * * *."

 An examination of the present and past legislation relating to old-age assistance discloses the legislature has put forth great effort to provide a humane way to provide aid for aged needy persons and at the same time has provided for the recovery of the amounts paid from the estate of the decedent. The first concern has been for the person in need. When this has been performed to the extent of an allowance for funeral charges the legislature has sought recovery. We do not find anything in chapter 249, Code of Iowa, 1958, that leads us to believe the legislature intended to recover to a lesser extent from the estate of a person who had received assistance in the past than from the estate of a person receiving assistance on death.

Section 249.19, Code of Iowa, 1958, provides for the recovery on the same basis for both those who are receiving assistance on death and those who formerly received assistance. Section 249.18, Code of Iowa, 1958, provides benefits and limitations, "On the death of any person to whom a certificate of old-age assistance has been issued." This includes all to whom a certificate has been issued. This is the plain intent expressed and makes recovery from both equal. As having some bearing, see In re Estate of Kupka, 242 Iowa 166, 45 N.W.2d 855.

Appellee, in argument, has suggested unusual and undesirable results if the statute is so construed. The rights of others than the State Board of Social Welfare are not before us and we express no opinion thereon.

 It is our holding section 249.18, subsection 4, paragraph 3, Code of Iowa, 1958, is applicable to the estate of the decedent. The judgment of the trial court is reversed and remanded with directions to enter judgment in conformity with this opinion.—Reversed and remanded.

All JUSTICES concur.