CITY OF VINTON, appellee, v. ROBERT W. ENGLEDOW, appellant.

No. 51699.

(Reported in 140 N.W.2d 857)

MARCH 8, 1966.

Francis J. Pruss, of Cedar Rapids, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, and Boyd Milroy, City Attorney, of Vinton, for appellee.

BECKER, J.—This is an appeal from final judgment based on conviction of a traffic offense in violation of city ordinance.

The defendant was charged as follows:

"The defendant is accused of the crime of reckless driving and driving on the wrong side of the street.

"For that the said defendant on or about the 13 day of July A. D., 1964 within the corporate limits of the City of Vinton, County of Benton, State of Iowa, did violate the Municipal Code of the City of Vinton, Iowa, and in particular Title 5, Chapter 2, Section 3 and 22 by driving his car in a reckless and negligent manner so as to scare a horse and cause it to bolt and in driving on the wrong side of the street, contrary to the Municipal Code of said city in such cases made and provided, and against the peace and dignity of said city and state."

From conviction before the mayor of the City of Vinton defendant appealed to the District Court where trial was de novo. Sections 367.8 and 762.48.

The district court found defendant guilty as charged, imposed a fine of $100 and costs, with the usual incarceration provisions in default of payment of fine.

Defendant presents two issues for our consideration, (1) The sufficiency of the evidence to support a conviction. (2) The adequacy of the ordinance to support a conviction.

I. It was the function of the trial court to determine the facts. We will not interfere if the findings are supported by the evidence. State v. Frink, 255 Iowa 59, 63, 64, 120 N.W.2d 432; State v. Miskell, 247 Iowa 678, 73 N.W.2d 36. We consider the record without regard to technical errors. Section 793.18, Code, 1962.

On the conflict between testimony offered by the prosecution and that offered by defendant, the court found for the prosecution. The record supports the finding.

The factual situation of this case will be summarized only briefly. On July 13, 1964, at about noon, Wayne V. Holliday was riding a three-year-old saddle horse with a ten-year-old boy in front of him in the saddle. The horse was walking at a normal pace on the right-hand side of Eighth Avenue in Vinton near the edge of the traveled roadway. Defendant approached from behind, drove his car very close to the horse, speeded or "reved" his motor, causing the engine to roar and race as if it were out of gear. The horse balked and jumped sideways as the car drove

past. Mr. Holliday shouted to defendant asking him not to do it again. Defendant proceeded up the street, turned around and returned on the wrong side of the road coming very close to the horse, at a speed testified to by Mr. Holliday as 40 miles an hour, came about ten feet away from the horse, turned to the right and applied the brakes. Mr. Holliday was a rider with experience having ridden since he was five years of age, for the past 16 or 17 years. He controlled the horse with difficulty. The court found defendant's conduct, while driving south, directly toward the horse and so close to it before he turned to the right, was intentional, not inadvertent. The trial court's more complete findings were substantiated by the record; a finding of reckless driving was fully justified as was the maximum fine of $100. There was no error in this regard.

II. We now consider defendant's second challenge to this conviction which, despite the aggravated nature of defendant's actions, must be determinative of the case. If it be the fact that the defendant was charged under an invalid ordinance, this conviction cannot be sustained, regardless of our view of the factual situation.

The information refers to two ordinances. The matter of the charge of driving on the wrong side of the street will be considered in Division IV, infra. The reckless driving charge is bottomed on the following ordinance.

*Care Required of Drivers* "Every driver of any vehicle upon any street in the city shall drive and operate such vehicle in a careful and prudent manner and with due regard and precaution for the safety of pedestrians, persons, property and other vehicles. No person shall operate or drive any vehicle in a manner or at a speed greater or other than is reasonable and safe with respect to such vehicles, persons, pedestrians or property." Municipal Code, City of Vinton, Title 5, chapter 2, section 3.

This ordinance now has no counterpart in our state Code, but our statutes did once contain some similar language, section 5028 of the 1931 Code provided "Any person who drives any motor vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, *or without due caution and circumspection, or at a speed or in a manner so*

*as to endanger* or be likely to endanger any *person or property,* shall be guilty of reckless driving, and upon conviction shall be punished as provided in section 5089." (Emphasis supplied.)

In 1937 that section was repealed in a general revision of what is now chapter 321, and we now have section 321.283 as follows: "*Reckless driving.* Any person who drives any vehicle in such manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving."

The obvious difference between the two sections is underlined by the case of Neessen v. Armstrong, 213 Iowa 378, 385, 239 N.W. 56, which states: "The second alternative, to wit, 'or without due caution and circumspection,' constitutes no more than negligence; for if one drive a motor vehicle upon a highway without due caution and circumspection—that is, without such caution and circumspection as an ordinarily careful and prudent person would exercise under the same circumstances—he is guilty of negligence."

Thus the inclusion of general negligence as a basis for criminal prosecution or as a part of a definition of recklessness was deleted from the state statutes. The concept has not been restored. In view of this history, we must face the following legislative policy pronouncements in sections 321.235 and 321.236, Code, 1962.

"Provisions uniform. The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein. Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this chapter.

"Powers of local authorities. Local authorities shall have no power to enact, enforce, or maintain any ordinance, rule or regulation in any way in conflict with, contrary to or inconsistent with the provisions of this chapter, and no such ordinance, rule or regulation of said local authorities heretofore or hereafter enacted shall have any force or effect, however the provisions of this chapter shall not be deemed to prevent local authorities with

respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from: * * *."

Thereafter certain fields for regulation by local authorities are listed. None covers the ordinance here considered. This review would indicate nonuniformity such as this ordinance creates is prohibited.

III. The need for consistency and uniformity in our traffic regulations has been declared as legislative policy. Such need is emphasized by consideration of section 321.209, Code, 1962. In Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431, we considered that statute dealing with mandatory revocation of driver's licenses and there said that "two convictions of reckless driving, whether under 321.283 *or a valid city ordinance*, afford cause for revocation." (Emphasis supplied.)

The term reckless driving has been defined by statute. It has a definite technical legal meaning. The privilege of operation of motor vehicles on the highways of this state will be mandatorily denied upon two convictions of reckless driving. A city ordinance cannot be allowed to change the statutory definition either by enlargement or diminution. "The test of the validity of a statute or ordinance is not what has been done under it but what may be done by its authority." Chicago, Rock Island and Pacific R. Co. v. Liddle, 253 Iowa 402, 112 N.W.2d 852.

The legislature has deleted from the reckless driving section those words which would define ordinary negligence, Division II, supra. A reenactment, or continuance, of such prohibition by ordinance would destroy the uniformity necessitated by sections 321.235 and 321.236. It is to be noted that those sections declare that local authorities are not only prohibited from *enacting* nonconforming statutes but also from *enforcing* or *maintaining* any such ordinances, rules or regulations. Consistent enforcement of the traffic laws is of major importance in this era of increasing injury, death and destruction on the highways. The laws enforced must likewise be consistent. The rules of the road must have reasonable uniformity in the City of Vinton with the rules in force elsewhere in the state. This we take to be the legislative policy. The ordinance is therefore invalid.

IV. The city argues that the conviction here should

stand because the facts substantiate a guilty verdict on the basis of driving on the wrong side of the street. Section 773.3 provides in part that an indictment shall be sufficient to give the court and the accused notice of what offense is intended to be charged. Section 773.35 provides that each indictment must charge but one offense. Subsequent sections allow indictments to charge separate offenses in separate counts under clearly defined fact situations. Section 762.4 suggests the form of informations in matters constituting nonindictable misdemeanors; it deals with "the offense", singular, not plural. The form states "(here state the act or omission constituting the offense *as in an indictment*)". (Emphasis supplied.)

It is clear that the city meant to charge defendant with reckless driving. The district court found, "Defendant was reckless as defined by the Supreme Court of Iowa and certainly in so doing he was in violation of *the above city ordinance for which he is on trial*." (Emphasis supplied.) The only city ordinance referred to by the court was the ordinance set out in Division II.

Further, the court found defendant guilty of *the offense* charged. The case was tried and decided as a reckless driving case. It is on that basis that it must now be decided.

▮ V. Defendant cites Des Moines v. Reiter, 251 Iowa 1206, 102 N.W.2d 363, for the proposition that a municipality, when not expressly prohibited, has the power to enact an ordinance dealing with the same subject matter as that dealt with by state law. Des Moines v. Reiter did not deal with statutes specifically requiring uniformity, as is required in chapter 321. We recognized this right of cities to enact ordinances in connection with laws affecting the operation of a motor vehicle where the additional regulations are not in conflict with chapter 321 in Bergeson v. Pesch, supra. We do not change that rule. We hold that this ordinance is in conflict with chapter 321. In reaching such conclusion we seek to give effect to every part of the statute, City of Ottumwa v. Taylor, 251 Iowa 618, 102 N.W.2d 376; to construe each section of chapter 321 with the chapter as a whole, and with every other section, Manilla Community School District v. Halverson, 251 Iowa 496, 101 N.W.2d 705. We also recognize that where there is conflict or ambiguity between specific and

general statutes, the provisions of specific statute control, Smith v. Newell, 254 Iowa 496, 117 N.W.2d 883; In re Estate of O'Donnell, 253 Iowa 607, 113 N.W.2d 246; this is true whether the special statute was adopted before or after the general statute, State v .Flack, 251 Iowa 529, 101 N.W.2d 535. These general rules of construction are appropriate here. They add weight to the conclusion that the need for uniformity expressed in chapter 321, Code, 1962, must be respected.

VI. In considering this matter we are mindful of section 389.40 which provides: "Driving or riding. Cities and towns shall have power to restrain and regulate the riding and driving of horses, livestock, vehicles, and bicycles within the limits of the corporation, and prevent and punish fast or immoderate riding or driving within such limits."

The ordinances passed under this section must, of course, comply with the requirements noted to be present in sections 321.235 and 321.236.

VII. Chapter 235 of the Laws of the Sixtieth General Assembly requires that powers granted to cities should be liberally construed in favor of such corporations. This rule of construction cannot take precedence over the plain mandate of the legislature that the traffic regulations are to be uniform and consistent with chapter 321. That chapter provides the guidelines.

Since we hold that the ordinance under which the information was filed is invalid, this case must be, and is, reversed.— Reversed.

THORNTON, MOORE, STUART and MASON, JJ., concur.

SNELL, J., GARFIELD, C. J., and LARSON and RAWLINGS, JJ., dissent.

SNELL, J.—I respectfully dissent.

1. This is not a prosecution for reckless driving under the statute, section 321.283, Code of Iowa 1962. It is not a prosecution under an ordinance dependent upon statutory or judicial definition of reckless driving for its validity. To so consider it is to proceed from a faulty premise. It is a prosecution for violating an ordinance of the City of Vinton. This ordinance quoted

by the majority in Division II does not refer to or attempt to interpret statutory reckless driving. It does establish a standard of care within the City of Vinton but unless it contravenes the statute it is valid.

I do not think the fact that the ordinance may once have had but does not now have a counterpart in the Code is of controlling importance when considered in the light of other statutory provisions.

It is true that the first sentence in the information accused defendant "of the crime of reckless driving and driving on the wrong side of the street." The information then particularized the charge by referring to the City ordinance by title, chapter and section number and stating what defendant did to violate the ordinance.

The designation of the offense as reckless driving and driving on the wrong side of the street was immaterial. It is well settled that the offense charged is determined by the statement of facts and not by the designation given to the offense. State v. Gillett, 92 Iowa 527, 528, 61 N.W. 169; State v. Steinke, 185 Iowa 481, 487, 170 N.W. 801; State v. Burley, 181 Iowa 981, 983, 165 N.W. 190.

II. The majority concedes in Division I that "a finding of reckless driving was fully justified" and in Division IV quotes the trial court's finding that "in so doing he was in violation of the above city ordinance for which he is on trial." If the acts of the defendant were such as to constitute reckless driving they were certainly such as to constitute a violation of the ordinance. No one claims otherwise. In Division IV the majority opinion says "It is clear that the city meant to charge defendant with reckless driving." I do not agree. Under our pronouncements cited, supra, defendant was charged with violating the ordinance. The allegations "by driving his car in a reckless and negligent manner so as to scare a horse and cause it to bolt and in driving on the wrong side of the street" were allegations of the facts constituting the violation of the ordinance. If, as the majority opinion says, a finding of reckless driving was fully justified there is no sound basis for holding the ordinance invalid just because it has no counterpart in the statute. Defendant was not

870

convicted for doing that which is permitted by statute. He was convicted for acts proscribed by statute found to be in violation of the ordinance.

III. The city ordinance is supplemental to but I do not think it is in conflict with the statutes. There is not a thing proscribed in the ordinance that is approved by statute. Careful and prudent driving as well as reasonable and safe speed are required. The ordinance conforms to the speed statute, section 321.285, and the control statute, section 321.288. It conforms to the reckless driving statute except for the requirement of "willful or a wanton disregard for the safety of persons or property." Failure to comply with the provisions of the law of the road, chapter 321, Code of Iowa, is a misdemeanor punishable unless otherwise provided by a fine of not more than $100 or by imprisonment for not more than thirty days. Section 321.482, Code of Iowa. Reckless driving, section 321.283, is also a misdemeanor but section 321.284 fixes the minimum fine at $25.

IV. Section 321.235, Code of Iowa, quoted by the majority in Division II, prohibits a municipality from enacting "any rule or regulation in conflict with" the state laws but specifically grants authority to enact additional traffic regulations not in conflict therewith.

By its specific terms there is no preemption by the statutes.

Section 321.236, Code of Iowa, provides that local authorities shall have no authority to enact any ordinance in any way in conflict with, contrary to or inconsistent with, the provisions of this chapter. "However, the provisions of this chapter shall not be deemed to prevent local authorities with respect to streets and highways" from exercising police power in eleven specified particulars none of which specifically covers the ordinance involved here.

It is a well settled rule of construction that in determining the meaning of a statute all provisions of the Act of which it is a part *and other pertinent statutes* must be considered. (Emphasis added.) Horner v. State Board of Engineering Examiners, 253 Iowa 1, 8, 110 N.W.2d 371. Bergeson v. Pesch, infra.

We have frequently quoted with approval the rule expressed

in the Latin phrase "expressio unius est exclusio alterius." The express mention of the one thing implies the exclusion of others. The ordinance before us is not specifically authorized by section 321.236, Code of Iowa, but the rule of implied exclusion is not applicable here. Section 321.235 says specifically that local authorities may adopt additional traffic regulations not in conflict with the chapter. Section 389.40, Code of Iowa, provides:

"Driving or riding. Cities and towns shall have power to restrain and regulate the riding and driving of horses, livestock, vehicles, and bicycles within the limits of the corporation, and prevent and punish fast or immoderate riding or driving within such limits."

Chapter 235, Laws of the Sixtieth General Assembly, provides:

"Section 1. Section three hundred sixty-eight point two (368.2), Code 1962, is amended by adding at the end thereof the following:

" 'It is hereby declared to be the policy of the state of Iowa that the provisions of the Code relating to the powers, privileges, and immunities of cities and towns are intended to confer broad powers of self-determination as to strictly local and internal affairs upon such municipal corporations and should be liberally construed in favor of such corporations. The rule that cities and towns have only those powers expressly conferred by statute has no application to this Code. Its provisions shall be construed to confer upon such corporations broad and implied power over all local and internal affairs which may exist within constitutional limits. No section of the Code which grants a specific power to cities and towns, or any reasonable class thereof, shall be construed as narrowing or restricting the general grant of powers hereinabove conferred unless such restriction is expressly set forth in such statute or unless the terms of such statute are so comprehensive as to have entirely occupied the field of its subject.' "

In Richardson v. City of Jefferson, 257 Iowa 709, 134 N.W. 2d 528, we held that as a rule of construction this statute is constitutional.

We have in these statutes a broad grant of power and a legislative mandate as to construction.

It is not necessary to put into the statute mention of all the specific ways in which the offense set forth may be committed. "Charging words will ordinarily be held sufficient if their meaning can be fairly ascertained by references to similar statutes * * * or to the dictionary." 22 C. J. S., Criminal Law, section 24(2), page 71.

Negligent acts may be made the basis for a criminal statute. State v. Wojahn, 204 Ore. 84, 282 P.2d 675. They are made so by section 321.482. See State v. Holling, 247 Iowa 1082, 78 N.W. 2d 25, and cases cited therein.

Similarity between a statute and an ordinance does not invalidate the ordinance where there is no conflict. Both may co-exist and be effective. City of Des Moines v. Reiter, 251 Iowa 1206, 1209, 102 N.W.2d 363, and authorities cited therein.

V. Volume 62 C. J. S., Municipal Corporations, section 143 b(3), pages 291, 292 and 293, says:

"The fact that a municipal corporation imposes regulations additional to those of the state does not necessarily create a conflict. * * *

"If the language of a statute admits of the conclusion that the legislature did not intend its regulations to be exclusive, the general rule permitting additional supplementary local regulations applies. * * *

"The fact that an ordinance enlarges on the provisions of a statute by requiring more than the statute requires creates no conflict therewith unless the statute limits the requirements for all cases to its own prescriptions."

The exact words last quoted also appear in 37 Am. Jur., Municipal Corporations, section 165, page 790.

A municipal corporation may not by ordinance lower statutory requirements but additional regulations are specifically authorized.

VI. Defendant could not have been misled by the information. There is similarity but no conflict between the name in the charging part and the correct designation of the offense in the statement of facts. The designation of the offense by reference

to the particular ordinance violated, supported by the alleged facts, was correct and adequate to sustain a conviction.

VII. Section 762.3, Code of Iowa, quoted infra, requires ordinary and concise language in the statement of the acts constituting the offense. Webster's Third New International Dictionary, unabridged, defines reckless as (a) lacking in caution and (b) careless. Careful is defined as solicitous: marked by care. Prudent is defined as cautious. Under the information the words "reckless driving" were descriptive. The violation would be driving without care or prudence, without regard and precaution for the safety of others and in a manner or speed other than is reasonable and safe.

Section 762.3, Code of Iowa, provides that informations for trial of nonindictable offenses must contain:

"1. The name of the county and of the justice where the information is filed.

"2. The names of the parties, if the defendants be known, and if not, then such names as may be given them by the complainant.

"3. A statement of the acts constituting the offense, in ordinary and concise language, and the time and place of the commission of the offense, as near as may be."

Section 762.4 provides that the information may be in the following form:

"........................... County:
"The State of Iowa
    against
"A......... B........., defendant

Before justice ........................
(here insert the name
of the justice.)

"The defendant is accused of the crime (here name the offense).

"For that the defendant, on the ............ day of ............, A.D. ............, at the (here name the city, town, or township), in the county aforesaid (here state the act or omission constituting the offense as in an indictment)."

Thus in the case at bar we have an information meeting the mandatory requirements of section 762.3 and the permissive requirements of section 762.4.

VIII. The case of Bergeson v. Pesch, 254 Iowa 223, 117 N.W.2d 431, cited by the majority and quoting from loc. cit. 227, did not present an analogous issue and is not relevant here. The quotation is not the holding in the case. The holding is otherwise. The quotation is merely a statement of what might be the construction of one statute if standing alone. This construction was not adopted because of other statutory provisions. See pages 228 and 229. The case was a license revocation case. It involved the power of the Iowa Motor Vehicle Department to revoke an operator's license because of ordinance violations. The case did not involve the right of a city to prosecute under an ordinance. In the case at bar appellant stresses the dire consequences of a conviction for reckless driving. Our reasoning should not be diverted by speculation as to what the Motor Vehicle Department might attempt as a result of a conviction under an ordinance. That question is not before us.

IX. In Division IV of the majority opinion it is said "It is clear that the city meant to charge defendant with reckless driving." I do not agree. The city charged one offense, i.e., violation of the designated ordinance. The allegation that there were several particulars in which the ordinance was violated did not make the charge void for duplicity nor prevent a finding of guilty based on any one or more of the allegations.

X. The need for consistency and uniformity mentioned in Division III of the majority opinion is recognized. The consistency and uniformity required, however, is in the interpretation and enforcement of the statutes and in the prohibition against rules or regulations in conflict therewith. The statutes state specifically that additional regulations not in conflict with the statutes may be adopted and there is nothing requiring that the regulations so adopted by the various cities and towns be uniform. It may be that such uniformity would be desirable but the statute does not so provide.

I think the conclusions of the majority are contrary to both the provisions and the intent of the statutes.

I would affirm.

GARFIELD, C. J., and LARSON and RAWLINGS, JJ., join in this dissent.