**CENTRAL CITY, Appellant,**

v.

**John Thomas EDDY, Appellee.**

**No. 53528.**

Supreme Court of Iowa.

Jan. 13, 1970.

W. Howard Smith, Cedar Rapids, for appellant.

Francis J. Pruss, Cedar Rapids, for appellee.

MOORE, Chief Justice.

The sole question presented on this appeal by appellant town is the validity of Ordinance 107, which prohibits careless driving and provides punishment therefor. The appeal does not stay the judgment in favor of defendant. Section 793.9, Code, 1966. It was based on the sustaining of his demurrer to the information charging him with violation of the ordinance. Defendant has not participated in this appeal.

After an unsuccessful attack on the ordinance, defendant was tried, found guilty and fined in the court of Mayor Wm. C. Cooper on an information filed by a deputy sheriff entitled State of Iowa v. John Thomas Eddy. On his appeal to the district court the following "Amended and Substituted Information" was filed:

"CENTRAL CITY, IOWA, vs.
JOHN THOMAS EDDY

"Before Wm. C. Cooper, Mayor of Central City, Linn County, Iowa.

"The defendant is accused of the crime of Careless Driving in violation of Ordinance #107 of the Town of Central City, Iowa. For that the said defendant did on or about 15th day of June, 1968, at Central City, Linn County, and State of Iowa, at 8:20 p. m., in a careless manner endangered the life and well-being of persons by operating an automobile in such a manner as to cause the tires to squeak and squeal, burn rubber and leave tire marks on the street by rapid acceleration to a 40 mile

per hour speed in a 25 mile per hour zone. Contrary to the form of the Ordinance in such cases made and provided, and against the peace and dignity of Central City, Iowa."

No question of procedure is raised on this appeal but it must be noted the arresting officer was somewhat confused as to whether "Careless Driving" was to be charged in the name of the State or the Town. It should have been originally filed in the name of the town.

Ordinance 107 of the town of Central City, Iowa, reads as follows: "AN ORDINANCE PROHIBITING CARELESS OR NEGLIGENT DRIVING ON THE PUBLIC STREETS, ALLEYS AND HIGHWAYS, DEFINING SAME, AND PROVIDING FOR ARREST AND PENALTY FOR VIOLATIONS.

"Any person who shall operate a motor vehicle within the limits of the Town of Central City, in a careless or negligent manner as to endanger the life, well being, or property of any person, shall be guilty of careless driving. Careless driving shall, in the absence of unforeseen emergency requiring the same to avoid an accident, include turning the course of the vehicle or operating it in such a manner as to cause the tires to squeak, squeal, or otherwise emit or cause loud or offensive noise or sound, or to tear up or displace gravel, or to leave tire marks on the street, or to cause the rear of the vehicle to sway from side to side in the manner commonly known as 'fishtailing', riding on the outside of a vehicle except emergency or other vehicle when authorized.

"Any person violating this Ordinance shall be guilty of careless driving and shall be subject to a fine of not more than $100.00, or imprisonment not more than 30 days.

"This Ordinance shall be in full force and effect upon its passage, approval, and publication as provided by law."

As pertinent here the demurrer filed by defendant in the district court and which the trial court sustained alleged:

"1. That the defendant herein is accused of the crime of careless driving as provided by Ordinance No. 107 of the Town of Central City, Iowa. * * *

"3. That Ordinance No. 107 is an invalid enactment of the Town of Central City, Iowa, for the reason that said Ordinance purports to make negligent driving a crime and Section 321.235 of the Code of Iowa, 1966, requires that the traffic laws of the State of Iowa and the political subdivisions thereof be uniform in nature.

"4. That negligent driving of a motor vehicle does not constitute a crime under Iowa Statutory Law and there is no such offense under Iowa Statute denominated or designated 'careless driving', as designated in Ordinance No. 107.

"5. That Ordinance No. 107 of the Town of Central City, Iowa is an invalid exercise of the police power of said Town and on its face is violative of the Iowa Statutory law and such Ordinance is void. * * *"

After an expression of reluctance the trial court sustained the demurrer based on our holding in City of Vinton v. Engledow, 258 Iowa 861, 140 N.W.2d 857, filed March 8, 1966.

In Engledow we trace the legislative history of providing general negligence as a basis for a charge of reckless driving and point out that part of section 5028, Code, 1931 which so provided, was repealed in 1937 in a general revision of what is now Code chapter 321. The statute then enacted, now section 321.283, provides: "Reckless driving. Any person who drives any vehicle in such manner as to indicate either a willful or a wanton disregard for the safety of persons or property is guilty of reckless driving."

The fact general negligence is designated "Reckless Driving" in the Vinton ordinance

and as "Careless Driving" in Ordinance 107 of the Town of Central City is of no importance. State v. Burley, 181 Iowa 981, 983, 165 N.W. 190, 191, and citations. Each attempts to make general negligence an offense which in Engledow we hold cannot be the basis for criminal prosecution. The policy set by section 321.283 regarding general negligence requires proof of driving "in such a manner as to indicate either a willful or a wanton disregard for the safety of persons or property * * *."

Since enactment of section 321.283 and particularly after our holding in Engledow the legislature has not seen fit to change the established policy. If it is to be done it is for the legislature and not this court. We find no reason to overrule City of Vinton v. Engledow, supra. It is controlling here.

The ruling and order of the trial court was correct.

Affirmed.

All Justices concur except REES, J., who takes no part and SNELL, J., who dissents.

SNELL, Justice (dissenting).

I dissent on the basis of the dissent in City of Vinton v. Engledow, 258 Iowa 861, 140 N.W.2d 857.